**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | **Case No. 3:19cr130** |
| | ) | |
| **OKELLO T. CHATRIE,** | ) | |
| **Defendant** | ) | |

**DEFENDANT'S MOTION IN LIMINE OF IRRELEVANT AND UNDULY
PREJUDICIAL CHARACTER EVIDENCE**

Okello Chatrie, through counsel, moves the Court to evidence relating to his prior arrests and all drug-related activity uncovered during the investigation of this case.

**I.   Factual basis for the motion.**

A bank robbery happened at the Call Federal Credit Union in Midlothian, Virginia on May 20, 2019.  Using a series of warrants, all of which started from a state search warrant being challenged in this case, law enforcement officials identified Mr. Chatrie as a possible suspect in the robbery.  During their investigation of Mr. Chatrie and the execution of search warrants in this case, the government has uncovered evidence of Mr. Chatrie's potential involvement in drug use and other drug-related activity.

**II.   The Court must exclude this information pursuant to Federal Rules of Evidence 401, 402, 403, and 404 and Mr. Chatrie's constitutional rights to rights to due process and a fair trial.**

Under Rule 401, evidence must be relevant in that it "has any tendency to make a fact [of consequence] more or less probable than it would be without the evidence."  Under Rule 403, relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice."  For evidence to be relevant, it must be "sufficiently related to the charged

1

offense." *United States v. McBride*, 676 F.3d 385, 397 (4th Cir. 2012). It is the government's burden to show relevancy if it intends to introduce any evidence of a prior criminal allegations; and there is no relevance to Mr. Chatrie's prior criminal charges, unless it be as propensity evidence forbidden by Fed. R. Evid. 404(a).

Evidence of any prior criminal activity or drug-related activity should be excluded under Rule 403 even if they are relevant. For that inquiry, courts examine the temporal and factual similarity of the prior conviction compared to the instant charge, and the asserted basis of relevancy. *See United States v. Hall*, 858 F.3d 254, 273 (4th Cir. 2017). The Fourth Circuit has held that one and a half years, *see McBride*, 676 F.3d at 395, 397, was "a significant passage of time" sufficient to render it an abused of discretion to admit evidence of the crimes in a new offense. Likewise here, the passage of time and nature of the prior conviction makes it minimally relevant; and its introduction would run a serious risk of unfair prejudice to Mr. Chatrie.

## CONCLUSION

The Court must exclude evidence relating to his prior arrests and all drug-related activity uncovered during the investigation of this case.

    Respectfully submitted,
    OKELLO T. CHATRIE

By: _____/s/_____
    Laura Koenig
    Va. Bar No. 86840
    Counsel for Defendant
    Office of the Federal Public Defender
    701 E Broad Street, Suite 3600
    Richmond, VA 23219-1884
    Ph. (804) 565-0881
    Fax (804) 648-5033
    laura_koenig@fd.org

## **CERTIFICATE OF SERVICE**

  I hereby certify that on October 22, 2019, I filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.

               _____/s/_____
               Laura Koenig
               Va. Bar No. 86840
               Counsel for Defendant
               Office of the Federal Public Defender
               701 E Broad Street, Suite 3600
               Richmond, VA 23219-1884
               Ph. (804) 565-0881
               Fax (804) 648-5033
               laura_koenig@fd.org