**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | **Case No. 3:19cr130** |
| | ) | |
| **OKELLO T. CHATRIE,** | ) | |
| **Defendant** | ) | |

**DEFENDANT'S MOTION TO SUPPRESS EVIDENCE
OBTAINED FROM SEARCH OF INFORMATION
ASSOCIATED WITH MR. CHATRIE'S GOOGLE ACCOUNTS**

Okello Chatrie, through counsel, moves the Court to suppress evidence that law enforcement officers obtained pursuant to an overbroad, general warrant of Mr. Chatrie's Google accounts. The officers illegally obtained data pursuant to this warrant listed in the search warrant return that remains under seal as indicated below. The Court must suppress those items listed in the search warrant return.

**I.   Factual basis for the motion.**

A bank robbery happened at the Call Federal Credit Union in Midlothian, Virginia on May 20, 2019. Using a series of warrants, all of which started from a state search warrant being challenged in this case, law enforcement officials identified Mr. Chatrie as a possible suspect in the robbery. The officers sought and obtained a warrant to seize a sweeping compilation of information from Mr. Chatrie's Google accounts. The officers executing the warrant seized data pursuant to the warrant.[1] Because the search warrant, the search warrant application, and the return

---

[1] The government has provided the defense with a redacted copy of this search warrant with no explanation as to why the redaction is necessary in this case. This search warrant remains sealed. *See In re Search of Information Associated with Google Accounts*, 3:19sw207 (E.D. Va. July 17, 2019). As the sealing order which the government provided to the defense does not allow for any disclosure (even to the defense) until further order, Mr. Chatrie does not attach it here. As the defense does not know what information is being

1

remain under seal at this time, the defense does not attach them here, but all of these documents are available to the Court in *In re Search of Information Associated with Google Accounts*, 3:19sw207 (E.D. Va. July 17, 2019).

## II.     The Google warrant is fatally overbroad.

Warrants must not only be supported by probable cause, but must particularly describe the evidence for which probable cause exists.  *See* U.S. CONST. Amend. IV.  The purpose of the requirement that a warrant particularly describe the things to be seized is to prevent "a general, exploratory rummaging in a person's belongings."  *Coolidge v. New Hampshire*, 403 U.S. 443, 467 (1971).  That is, a properly narrowed warrant "makes general searches . . . impossible and prevents the seizure of one thing under a warrant describing another.  As to what is to be taken, nothing is left to the discretion of the officer executing the warrant."  *Stanford v. Texas*, 379 U.S. 476, 485 (1965).  Thus, the face of the warrant must "confine[] the executing officers' discretion by allowing them to seize only evidence of a particular crime."  *United States v. Fawole*, 785 F.2d 1141, 1144 (4th Cir. 1986).  "Indeed, blanket suppression is warranted where the officers engage in a 'fishing expedition' for the discovery of incriminating evidence."  *United States v. Uzenski*, 434 F.3d 690, 709 (4th Cir. 2006).

The warrant authorized law enforcement officers to obtain all activity logs, security questions and answers, passwords, posts, and all "other Google activities."  *See* Warrant Attachment B at ¶1.  The warrant authorized law enforcement officers to seize all chronological and geographic "context" of the Google accounts.  This was not merely a fishing expedition—the warrant allowed the government to dredge the lake to look for fish.

---

redacted, the defense reserves the option to provide additional bases for the challenge to this warrant once the defense can see an unredacted copy of the warrant application.

In *Riley v. California*, 134 S. Ct. 2473 (2014), the Supreme Court described the intense privacy interest in the contents of cell phones.

> First, a cell phone collects in one place many distinct types of information-an address, a note, a prescription, a bank statement, a video-that reveal much more in combination than any isolated record. Second, a cell phone's capacity allows even just one type of information to convey far more than previously possible. The sum of an individual's private life can be reconstructed through a thousand photographs labeled with dates, locations, and descriptions; the same cannot be said of a photograph or two of loved ones tucked into a wallet. Third, the data on a phone can date back to the purchase of the phone, or even earlier. A person might carry in his pocket a slip of paper reminding him to call Mr. Jones; he would not carry a record of all his communications with Mr. Jones for the past several months, as would routinely be kept on a phone.

*Id.* at 2489.  In *Riley*, when the Supreme Court required warrants for cell phone searches, *see* 134 S. Ct. at 2485, it did not do so as a mere formality, to be automatically granted in any case where probable cause for a crime was established.  The particularity requirement applies full force.  The constitutional requirement that there must be probable cause—meaning a fair probability—that particular evidence of a particular crime will be found on the phone, applies full force.  In *Illinois v. Gates*, the Supreme Court said that magistrates must determine based on the affidavit that "there is a fair probability that contraband or evidence of a crime will be found in a particular place." 462 U.S. 213, 239 (1983).

In this case, the warrant application alleges that the suspect was seen using a cell phone before the robbery.  Assuming probable cause that Mr. Chatrie committed the robbery, this provides probable cause to search for communications immediately surrounding the robbery, not for all "Google activities."  The warrant's authorization for an expansive, indiscriminatory search—essentially, all electronic data—transformed it into a general warrant.  Suppression is required.

### III. The search warrant lacked a sufficient nexus between the electronic items to be searched and the alleged crime.

The affidavit in support of the warrant to search the Google accounts contains no specific information about why law enforcement officers would find any evidence other than location data of the alleged crime on the Google accounts. "In determining whether a search warrant is supported by probable cause, the crucial element is not whether the target of the search is suspected of a crime, but whether it is reasonable to believe that the items to be seized will be found in the place to be searched." *Lalor*, 996 F.2d at 1582 (citing *Zurcher v. Stanford Daily*, 436 U.S. 547, 556 & n.6 (1978)). The affidavit does not identify any witness who indicated that he or she saw or knew of Mr. Chatrie used his Google accounts in planning or executing a robbery. The affidavit does not indicate that officers had witnessed the suspect use any Google accounts during a robbery. There is no specific information in the affidavit to link the information sought, other than the location data, to Mr. Chatrie's alleged robbery.

The affidavit provides an insufficient basis for this Court to determine that the issuing court had a substantial basis on which to find probable cause that the Google accounts contained evidence of a robbery. For example, in *United States v. Ramirez*, 180 F. Supp. 3d 491 (W.D. Ky. 2016), the court suppressed evidence from the search of a cell phone finding that "[p]ossessing a cell phone during one's arrest for a drug-related conspiracy is insufficient by itself to establish a nexus between the cell phone and any alleged drug activity." 180 F. Supp. 3d at 495. The *Ramirez* court also found that the conclusory assertion in the affidavit by the officer that in his training and experience, "cell phones are the 'tools of the trade' of drug traffickers," did not save the search warrant of the phone. *Id.* at 496.

As the Supreme Court has recognized, through a cell phone, the "sum of an individual's private life can be reconstructed through a thousand photographs labeled with dates, locations, and

4

descriptions." *Riley v. California*, 134 S. Ct. 2473, 2489 (2015). "[T]here is an element of pervasiveness that characterizes cell phones but not physical records. Prior to the digital age, people did not typically carry a cache of sensitive personal information with them as they went about their day. Now it is the person who is not carrying a cell phone, with all that it contains, who is the exception." *Id.* at 2490. "A phone not only contains in digital form many sensitive records previously found in the home; it also contains a broad array of private information never found in a home in any form—unless the phone is." *Id.* at 2491. After *Riley*, this Court should be at least as rigorous in requiring that a search warrant for electronic devices be supported by probable cause and a nexus between the alleged criminal activity and the contents of the devices as it has been in demanding that that standard be met for a search warrant to search a person's home.

The Fourth Circuit in a published opinion that Judge Wilkinson wrote, found no nexus between a search warrant of a home to search for evidence of marijuana possession and cell phones found in the home. *See United States v. Lyle*, 910 F.3d 787 (4th Cir. 2018). In *Lyles*, the police had found the defendant's phone number in a homicide victim's phone. The police had only a hunch that the defendant might be involved in any criminal activity, so they sifted through the defendant's trash and found some evidence of marijuana possession. Based on this evidence and "general averments that marijuana is often stored in secure locations and disposed of nearby," *id.* at 791, the police sought and obtained a warrant to search the defendant's house for all manner of items, including cell phones. After citing *Riley* for the proposition that cell phones trigger privacy concerns far greater than other types of personal items, the *Lyles* court found:

> the warrant application lacked any nexus between cell phones and marijuana possession. There is insufficient reason to believe that any cell phone in the home, no matter who owns it, will reveal evidence pertinent to marijuana possession simply because three marijuana

5

stems were found in a nearby trash bag. At some point an inference becomes, in Fourth Amendment terms, an improbable leap.

*Id.* at 795.

An officer's generalized assertions of his training and experience cannot be used to shore up an insufficient nexus. For example, in *United States v. Schultz*, 14 F.3d 1093, 1097-98 (6th Cir. 1994), the court noted that, while an officer's training and experience can be considered in determining probable cause, "it cannot substitute for the lack of evidentiary nexus" between the place searched and the criminal activity. Moreover, although it ultimately upheld a search under the good faith doctrine, the court concluded that the officer "did not have anything more than a guess that contraband or evidence of a crime would be found in the boxes, and therefore the first warrant should not have been issued. To find otherwise would be to invite general warrants authorizing searches of any property owned, rented, or otherwise used by a criminal suspect—just the type of broad warrant the Fourth Amendment was designed to foreclose." *Id.* *See also Dougherty v. City of Covina*, 654 F.3d 892, 899 (9th Cir. 2011) ("Thus, while the 'totality of circumstances' could, in some instances, allow us to find probable cause to search for child pornography, Officer Bobkiewicz's conclusory statement tying this 'subject,' alleged to have molested two children and looked inappropriately at others, to 'having in his possession child pornography' is insufficient to create probable cause here."); *Rivera v. Murphy*, 979 F.2d 259, 264 (1st Cir. 1992) ("Were we to affirm the district court's ruling below, we would give license to police officers to make unwarranted arrests, and retain qualified immunity from civil suits so long as they asserted that they thought they had probable cause to make the arrest based on their 'observations, training and experience.' Creating such a talisman would effectively transform the police officer into a judge, and the court into a rubber stamp.").

6

## CONCLUSION

The Court must find that the warrant was overbroad and that the affidavit did not provide a sufficient nexus to show that evidence of the alleged crime would be found on the items to be searched. As such, the Court must suppress all evidence gained from the Google accounts.

                              Respectfully submitted,
                              OKELLO T. CHATRIE

By: _____/s/_____
Laura Koenig
Va. Bar No. 86840
Counsel for Defendant
Office of the Federal Public Defender
701 E Broad Street, Suite 3600
Richmond, VA 23219-1884
Ph. (804) 565-0881
Fax (804) 648-5033
laura_koenig@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on October 22, 2019, I filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.

_____/s/_____
Laura Koenig
Va. Bar No. 86840
Counsel for Defendant
Office of the Federal Public Defender
701 E Broad Street, Suite 3600
Richmond, VA 23219-1884
Ph. (804) 565-0881
Fax (804) 648-5033
laura_koenig@fd.org