**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v.    ) | Case No. 3:19cr130 |
| ) | |
| **OKELLO T. CHATRIE,** ) | |
|     **Defendant** ) | |

### DEFENDANT'S MOTION FOR DISCOVERY REGARDING GOVERNMENT'S USE OF CELL SITE SIMULATOR

Pursuant to Federal Rule of Criminal Procedure 16 and Mr. Chatrie's constitutional right to due process, Mr. Chatrie requests the following discovery concerning electronic devices capable of identifying the location of a cellular telephone. This type of device, known as an International Mobile Subscriber Identity ("IMSI") catcher or cell site simulator, is operated under brand names including, but not limited to "Stingray," "Triggerfish," "Kingfish" and "DRTbox."

As described in Defendant's Motion to Suppress Evidence Obtained from Government's Use of Cell Site Simulator, little is known about exactly which particular device the government used in this case and the details about how such a machine functions.  Thus, Mr. Chatrie requests the following discovery:

1. Details concerning the device(s), whether in written form or not, including:

   a. the manufacturer and brand of the device(s) and any additional equipment used in connection with the device(s);

   b. the capabilities of the device(s);

   c. descriptions of the information captured by the device(s) and whether and how it is retained;

1

2. Physical access to any and all devices used in this case by any federal, state or local law enforcement official;

3. Copies of the raw data produced by the device(s) and utilized by law enforcement;

4. For all law enforcement agencies and officers involved in this case, copies of any and all:

   a. arrest reports from any officers who used any device during this case, regardless of whether the device(s) is specifically referenced in the report or not;

   b. logs, sign out sheets or other records documenting who used the device(s) and the circumstances on its deployment;

   c. training or certification records of the officers that used the device(s);

   d. training materials in the possession of law enforcement agencies for the device(s);

   e. contracts, memorandums of understanding and agreements, including but not limited to nondisclosure agreements, concerning the device in the possession of, or that bind the law enforcement agencies;

   f. internal policies, guidelines, training manuals, or presentations concerning use or disclosure of the devices;

   g. h. records produced as a result of the orders described above used.

> Respectfully submitted,
> OKELLO T. CHATRIE
>
> By: _____/s/_____
> Laura Koenig
> Va. Bar No. 86840
> Counsel for Defendant
> Office of the Federal Public Defender
> 701 E Broad Street, Suite 3600
> Richmond, VA 23219-1884

2

Ph. (804) 565-0881  
Fax (804) 648-5033  
laura_koenig@fd.org

**CERTIFICATE OF SERVICE**

I hereby certify that on October 22, 2019, I filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.

_____/s/_____  
Laura Koenig  
Va. Bar No. 86840  
Counsel for Defendant  
Office of the Federal Public Defender  
701 E Broad Street, Suite 3600  
Richmond, VA 23219-1884  
Ph. (804) 565-0881  
Fax (804) 648-5033  
laura_koenig@fd.org