IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 3:19cr130 |
| | ) | |
| OKELLO T. CHATRIE, | ) | |
|       Defendant | ) | |

## DEFENDANT'S CONSENT MOTION TO EXTEND MOTIONS DEADLINE ON ONE ISSUE WHICH WILL RESULT IN TWO ADDITIONAL MOTIONS

Okello Chatrie, through counsel, moves the Court to extend by one week the motions deadline regarding one particular issue in this case which will generate two additional motions. In support of this motion, Mr. Chatrie states the following:

1. On September 17, 2019, the government indicted Mr. Chatrie on two counts. The first count, forced accompaniment during a robbery, which is in violation of 18 U.S.C. § 2113, carries a ten year mandatory minimum. The second count, brandishing a firearm in furtherance of a crime of violence, which is in violation of 18 U.S.C § 924(c), carries a seven year consecutive mandatory minimum.

2. Mr. Chatrie made his initial appearance in this case on September 26, 2019.

3. The Court arraigned Mr. Chatrie on October 1, 2019. Moments before the arraignment, the government provided a first batch of digital discovery that included 1,770 pages and additional digital media and digital files. The government has since provided three additional batches of discovery. The discovery in this case currently totals over six gigabytes of data.

4. At the arraignment, given what undersigned counsel understood to be the volume of discovery in the first batch of discovery, undersigned counsel asked for a total of 21 days from the arraignment to file motions, which is one week past the Court's normal motions deadline time.

5. As the defense was working through discovery, specifically with the motions deadline in mind, the defense uncovered late last week, a state search warrant (among at least eight search warrants obtained and executed in this case, many of them lengthy) that involved obtaining "anonymized" information from Google that the government used as a dragnet to capture data of every Google user in the area of the bank robbery (which is a busy thoroughfare in Midlothian) for an hour timeframe that corresponds to rush hour traffic.

6. Undersigned counsel had never seen such a warrant before. While the warrant does not reference this practice at all, the warrant appears to utilize a process called "geofencing" that relies on Google's "sensorvault" location tracking data. According to the warrant application and subsequent correspondence in discovery from Google, the government used the warrant to obtain all tracking data from every single user in the area of the bank robbery during rush hour. Google provided this data in "anonymous" form, meaning that the individual users appear to have been assigned a number. Law enforcement officers sifted through this information using a technique, process, and tools that the defense is not aware of and do not appear in discovery. The officers then, without getting any additional warrant, went back to Google and requested and obtained specific account identifiers and information on several individuals, including Mr. Chatrie.

7. This state search warrant is the way that the government identified Mr. Chatrie as a suspect in this case, meaning that if the warrant is invalid, the government's remaining investigation into Mr. Chatrie must be suppressed as a fruit of the poisonous tree.

8. The Fourth Amendment implications for this type of warrant and investigation are profound. To undersigned counsel's knowledge, little if any litigation has been conducted about the legality and constitutionality of the use of this type of information in this manner by government agents.

9. The defense has begun working on a motion challenging the constitutionality of this practice and the warrant in this case, but due to the novelty of the issue and the limited timeframe in which the defense has had to work with this new technology and application in this case, the defense needs a modest extension of the motions deadline to file an anticipated motion to suppress the state search warrant involving the use of geofencing and Google's sensorvault data as well as a corresponding discovery motion on the use of geofencing and Google's sensorvault data in this case. The defense will be able to file such a motion by Tuesday, October 29, 2019—one week from today.

10. The defense has been diligently working through the voluminous discovery in this case. The defense has timely filed seven other motions in accordance with the motions deadline the Court set in this case. The defense seeks this extension only in order to complete and file a motion to suppress and related discovery motion on the issue of geofencing and Google's sensorvault data in this case.

11. Undersigned counsel has communicated with the government, represented here by Ken Simon and Peter Duffey, about this request. Mr. Simon has indicated that the government has no objection to this request.

Thus, pursuant to Mr. Chatrie's constitutional rights to remain free from unreasonable searches and seizures, to due process, to present a defense, and to effective assistance of counsel, Mr. Chatrie requests a one week extension of the motions deadline to allow him to file a motion to suppress and related discovery motion on the issue of geofencing and Google's sensorvault data in this case.

                                                Respectfully submitted,
                                                OKELLO T. CHATRIE

By: _____/s/_____
      Laura Koenig
      Va. Bar No. 86840
      Counsel for Defendant
      Office of the Federal Public Defender
      701 E Broad Street, Suite 3600
      Richmond, VA 23219-1884
      Ph. (804) 565-0881
      Fax (804) 648-5033
      laura_koenig@fd.org

## CERTIFICATE OF SERVICE

      I hereby certify that on October 22, 2019, I filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.

                                            _____/s/_____
      Laura Koenig
      Va. Bar No. 86840
      Counsel for Defendant
      Office of the Federal Public Defender
      701 E Broad Street, Suite 3600
      Richmond, VA 23219-1884
      Ph. (804) 565-0881
      Fax (804) 648-5033
      laura_koenig@fd.org