IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

*Richmond Division*

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 3:19-CR-130-MHL |
| ) | |
| OKELLO T. CHATRIE, ) | |
| ) | |
| Defendant. ) | |

**GOVERNMENT'S RESPONSE TO**
**DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF**
**PRIOR BAD ACTS**

Defendant Okello T. Chatrie seeks to exclude evidence relating to his prior arrests and all drug-related activity uncovered during the investigation of this case. (ECF No. 17). The United States does not intend to offer such evidence at trial in this matter. Accordingly, the motion should be denied as moot.

Evidence is relevant and therefore admissible where "it has any tendency to make a fact more or less probable than it would be without the evidence . . . and the fact is of consequence in determining the action." Fed. R. Evid. 401(a)-(b). Even relevant evidence is excludable, however, where "its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *Id.* 403.

It is well-settled that "damage to a defendant's case is not a basis for excluding probative evidence." *United States v. Grimmond*, 137 F.3d 823, 833 (4th Cir. 1998). And by extension, "Rule 403 does not provide a shield for defendants who engage in outrageous acts, permitting only the crimes of Caspar Milquetoasts to be described fully to a jury." *United States v. Gartmon*, 146 F.3d 1015, 1021 (D.C. Cir. 1998). In the case of prior bad acts, "[e]vidence of other crimes,

wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b)(1). These prior bad acts may, however, "be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b)(2).

The defendant's affiliations with alleged drug traffickers and his prior arrests are not relevant to the armed robbery of the Call Federal Credit Union nor does the United States have, at this time, any reason to believe that these prior acts are otherwise admissible. Accordingly, the United States does not intend to introduce that evidence at trial. Should the United States use any evidence of prior bad acts pursuant to Federal Rule of Evidence 404(b), proper notice will be given to the defendant and the Court.

The Court should deny the defendant's motions *in limine* as moot.

Respectfully submitted,

G. ZACHARY TERWILLIGER
United States Attorney

By:          /s/

Kenneth R. Simon, Jr.
Peter S. Duffey
United States Attorney's Office
Eastern District of Virginia
919 E. Main Street, Suite 1900
Richmond, VA 23219
(804) 819-5400
Fax: (804) 771-2316
Email: Kenneth.Simon2@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19th day of November, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send an electronic notification of such filing to the following:

Laura Koeing
Office of the Federal Public Defender (Richmond)
701 E Broad Street
Suite 3600
Richmond, VA 23219
Email: Laura_Koenig@fd.org

Paul Geoffrey Gill
Office of the Federal Public Defender (Richmond)
701 E Broad Street
Suite 3600
Richmond, VA 23219
Email: paul_gill@fd.org

Michael William Price
National Association of Criminal Defense Lawyers
1660 L Street NW
12th Floor
Washington, DC 20036
 (202) 465-7615
Email: mprice@nacdl.org
*PRO HAC VICE*

_____/s/_____
Kenneth R. Simon, Jr.
Assistant United States Attorney
United States Attorney's Office
Eastern District of Virginia
919 E. Main Street, Suite 1900
Richmond, VA 23219
(804) 819-5400
Fax: (804) 771-2316
Email: Kenneth.Simon2@usdoj.gov