IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

*Richmond Division*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 3:19-CR-130-MHL |
| | ) | |
| OKELLO T. CHATRIE, | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S RESPONSE TO
<u>DEFENDANT'S MOTIONS FOR SUPPRESSION AND DISCOVERY
REGARDING USE OF CELL SITE SIMULATOR</u>**

The United States of America, by its undersigned attorneys, moves this Court to deny Defendant Okello T. Chatrie's motions for suppression and discovery regarding the use of a cell site simulator in this case as moot. (ECF Nos. 22 and 23).

Defendant Okello T. Chatrie seeks to exclude evidence stemming from the use of a cell site simulator because, he argues, the use of the device is constitutionally impermissible and the affidavit supporting the issuance of the warrant contained material omissions. (ECF No. 22). The defendant also seeks discovery on the cell site simulator. (ECF No. 23). For the following reasons, the defendant's motions should be denied as moot.

The United States sought and obtained a federal search warrant for a cell site simulator on July 19, 2019 to ascertain the new cellular telephone number of the defendant.[1] *See* 3:19-SW-210. After obtaining the search warrant, law enforcement did seek to locate the defendant's

---

[1] Notably, the defendant references an exhibit to a motion to suppress in the District of New Jersey that is purportedly emblematic of what Judge Novak may have done if provided "full and accurate information." Def.'s Mot. to Suppress at 8-10. Rather than a comparable search warrant, the exhibit is merely an application and order. No different with the facts underlying the district court decisions in Texas and California cited by the defendant. *Id.* at 10. These courts were not assessing search warrants that had established probable cause for the information sought.

new cellular telephone number by using the simulator within the contours of the authorized search warrant. Notably, the search warrant directs that investigators delete "any information collected concerning cellular devices other than the Target Cellular Device." *Id.* at 14. Investigators used the cell site simulator at three locations—two of these locations were residences searched on August 13, 2019, pursuant to two federal search warrants.

Although law enforcement retrieved two different International Mobile Subscriber Identity numbers that were present at multiple locations, the subscriber information sought from providers for these IMSIs via grand jury subpoenas were not returned until after law enforcement identified the defendant through an examination of toll records belonging to the defendant's father and sister. In other words, no information of value was gleaned from the cell site simulator prior to locating the defendant's cellular telephone number. Accordingly, the United States does not intend to offer any evidence from the cell site simulator at trial and the defendant's motions should be denied as moot. *See, e.g.*, *United States v. Coombs*, 857 F.3d 439, 445 (1st Cir. 2017) (noting that suppression of anticipatory search warrant of home rendered moot because law enforcement arrested defendant before he entered his home); *see also United States v. Miller*, 641 F. App'x 242, 245 (4th Cir. 2016) (unpublished) (per curiam); *United States v. Frazier*, No. 3:17-cr-00130, 2019 WL 4242412, at *24 (M.D. Tenn. Sept. 6, 2019).

Moreover, the purported unconstitutionality of the simulator, the defendant argues, stems from the "dragnet nature of the device's surveillance." Def.'s Mot. to Suppress at 7-8 ("[C]ell site simulators can collect identifying information about large numbers of innocent bystanders' phones, send electronic signals through the walls of nearby homes and offices, and interfere with bystanders' ability to make and receive phone calls."). Suppression on such grounds would not be warranted. *See United States v. Patrick*, 842 F.3d 540 (7th Cir. 2016) (Easterbrook, J.) ("But

if the problem with simulators is that they are too comprehensive, that would not lead to suppression—though it might create a right to damages by other persons whose interests were unreasonably invaded. Patrick is not entitled to invoke the rights of anyone else; suppression is proper only if the defendant's own rights have been violated.") (citing United *States v. Payner*, 447 U.S. 727 (1980)).

Lastly, the defendant makes the baseless assertion that the search warrant "omitted crucial information about how" cell site simulators work because it did not fully explain the implications for third parties and disruption of calls nearby. Both assertions are meritless. The affidavit includes the following paragraphs:

> Law enforcement will collect the identifiers emitted by cellular devices in the immediate vicinity of the Target Cellular Device when the subject is in multiple locations and/or multiple times at a common location and use this information to identify the Target Cellular Device, as only the Target Cellular Device's unique identifiers will be present in all or nearly all locations. Once investigators ascertain the identity of the Target Cellular Device, they will cease using the investigative technique.
>
> …..
>
> The investigative device may interrupt cellular service of cellular devices within its immediate vicinity. Any service disruption will be brief and temporary, and all operations will attempt to limit the interference cellular devices. Once law enforcement has identified the Target Cellular Device, it will delete all information concerning non-targeted cellular devices. Absent further order of the court, law enforcement will make no investigative use of information concerning non-targeted cellular devices other than distinguishing the Target Cellular Device from all other devices.

*See* ¶¶ 31–32, 3:19-SW-210.

Federal Bureau of Investigation Task Force Officer Josh Hylton's affidavit set forth his complete knowledge of the cell site simulator technology and did not, as the defendant contends, lack candor. The United States did not collect the content of any communications. Such a bald

assertion by the defendant would not satisfy either step of the inquiry justifying a hearing let alone suppression pursuant to *Franks v. Delaware*, 438 U.S. 154, (1978). *See United States v. Wharton*, 840 F.3d 163 (4th Cir. 2016); *United States v. Robinson*, 770 F. App'x 627, 629 (4th Cir. 2019) (unpublished) (per curiam). In addition, for the same reasons outlined in the United States' response in opposition to the defendant's motion for discovery regarding Google's Sensorvault data, the defendant fails to demonstrate the materiality of the information sought in his motion for discovery.

      The Court should deny the defendant's motions to suppress and for discovery as moot.

      Respectfully submitted,

      G. ZACHARY TERWILLIGER
      United States Attorney

By:       /s/
      Kenneth R. Simon, Jr.
      Peter S. Duffey
      Assistant United States Attorneys
      United States Attorney's Office
      Eastern District of Virginia
      919 E. Main Street, Suite 1900
      Richmond, VA 23219
      (804) 819-5400
      Fax: (804) 771-2316
      Email: Kenneth.Simon2@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19th day of November, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send an electronic notification of such filing to the following:

Laura Koenig
Office of the Federal Public Defender (Richmond)
701 E Broad Street
Suite 3600
Richmond, VA 23219
Email: Laura_Koenig@fd.org

Paul Geoffrey Gill
Office of the Federal Public Defender (Richmond)
701 E Broad Street
Suite 3600
Richmond, VA 23219
Email: paul_gill@fd.org

Michael William Price
National Association of Criminal Defense Lawyers
1660 L Street NW
12th Floor
Washington, DC 20036
 (202) 465-7615
Email: mprice@nacdl.org
*PRO HAC VICE*

_____/s/_____
Kenneth R. Simon, Jr.
Assistant United States Attorney
United States Attorney's Office
Eastern District of Virginia
919 E. Main Street, Suite 1900
Richmond, VA 23219
(804) 819-5400
Fax: (804) 771-2316
Email: Kenneth.Simon2@usdoj.gov