IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.                                                                                          Criminal No. 3:19cr130

OKELLO T. CHATRIE,

   Defendant.

## ORDER

This matter comes before the Court on Defendant Okello T. Chatrie's Motion to Seal Raw Data Returns Provided by Google in Response to the Geofence Warrant (the "Motion to Seal"). (ECF No. 68.) In the Motion to Seal, Chatrie requests that the Court "seal the attached raw data returns . . . provided by Google in response to the geofence warrant obtained by the government." (Mot. Seal 1, ECF No. 68.) Chatrie states that the United States "indicated that it would not oppose a defense motion to file the raw return data under seal," but the United States does not "conced[e] the privacy issues that constitute the grounds for sealing." (*Id.* 2.) For the following reasons, the Court will grant the Motion to Seal.

Prior to sealing a document, the Court must:

> (1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives.

*Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000) (citing *In re Knight Publ'g Co.*, 743 F.3d 231, 235–36 (4th Cir. 1984)). Each of these factors favor sealing the raw data returns.

First, Chatrie's Motion to Seal has provided public notice of the request to seal. It has also allowed interested parties a reasonable opportunity to object. Chatrie states that the United

States—an interested party—will not object to sealing the returns. For these reasons, the first factor favors granting the Motion to Seal.

Second, the Court has considered less drastic alternatives to sealing the raw returns and finds that no other alternative will protect the privacy interests at issue here. The Parties here, in good faith, sought to negotiate a less drastic alternative to sealing and could not reach agreement. Chatrie asserts that "[t]he raw data returns at issue consist of three Excel spreadsheets and surrounding communications produced by Google pursuant to the Geofence warrant." (Mot. Seal 3.) The "anonymized" data does not include "account-identifying information" (*Id.* (citation omitted).) The information plainly includes that of bystanders.

Chatrie maintains that although the returns "do[] not include the names of Google users swept up in the search,. . . the geolocation coordinates for each device are real, and it is trivial to plot them on a map, connect the dots, and show the comings and goings of [nineteen] people." (*Id.*) Chatrie also avers that because Google masks the true "Device ID" with a pseudonym "[i]nternal consistency of the identifiers makes it possible to map the data and reveal each person's unique path through life." (*Id.*) Chatrie states that "[m]erely redacting the Device IDs would be insufficient to prevent re-identification given the unique nature of the geolocation data." (*Id.* 4.) Because the raw returns contain other Google users' location data, the Court finds that sealing the raw returns will protect the various privacy interests here. The second factor also weighs in favor of granting the Motion to Seal.

When considering the first two factors, the Court identified the specific reasons and factual findings supporting its decision to seal the raw returns. Therefore, the third factor also weighs in favor of granting the Motion to Seal.

2

For these reasons, and because the United States does not object, the Court GRANTS the Motion to Seal. (ECF No. 68.) The Court DIRECTS the Clerk to file Exhibit A to the Motion to Seal, the raw returns, under seal. The Court CANCELS the January 8, 2020 Status Conference.

It is SO ORDERED.

/s/
M. Hannah Lauck
United States District Judge

Date: 1/7/2020
Richmond, Virginia