# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>MATTHEW WILLIAM SCHWIER,<br><br>    Defendant. | Case No. 3:17-cr-00095-SLG |

**SUPPLEMENTAL ORDER REGARDING C-3 MOTION TO COMPEL DISCOVERY AND PRODUCTION OF EVIDENCE: TORRENTIAL DOWNPOUR SOFTWARE**

On October 24, 2019, after an evidentiary hearing, the Court entered an order at Docket 231 that granted in part and denied in part Defendant Matthew William Schwier's C-3 Motion to Compel Discovery and Production of Evidence: Torrential Downpour Software at Docket 199. The Court directed the government to conduct certain validation testing of the Torrential Downpour software in the presence of the defense.[1] The October 24, 2019 order set out the factual background relevant to this issue and it is not repeated here.[2]

The Court's October 24, 2019 order allowed the defense to file a supplemental declaration of its expert to explain why it believed additional testing was necessary, and the Court notified the parties that it may amend its order as

---

[1] Docket 231 at 12–14.

[2] *See* Docket 231 at 1–12.

warranted in light of that declaration.[3] On October 31, 2019, the defense timely filed a supplemental ex parte declaration of Jeffrey M. Fischbach, offered as a computer forensics expert.[4] The defense filed a redacted copy of Mr. Fischbach's declaration on the same day, from which it had removed all information it claimed as privileged.[5]

On November 1, 2019, the government filed a motion responding to Mr. Fischbach's redacted declaration, asking the Court to either hold an immediate status hearing or issue an order finding that the defense had not shown that additional tests were material.[6]

The Court granted the government's motion and held a brief status conference on November 4, 2019,[7] after which the parties conducted validation testing of the Torrential Downpour software pursuant to the Court's October 24, 2019 order.[8] The Court held a second status conference after the completion of the validation process, on November 5, 2019, at which it notified the parties that it

---

[3] Docket 231 at 12, 14.

[4] Docket 233.

[5] Docket 234.

[6] Docket 235.

[7] Docket 240.

[8] See Docket 231 at 12–13 (ordering government to conduct "the validation process described at Docket 219-1").

Case No. 3:17-cr-00095-SLG, *United States v. Schwier*
Supplemental Order Re: C-3 Motion to Compel Discovery and Production of Evidence
Page 2 of 8

would issue a written order that would address whether additional testing would be ordered in light of Mr. Fischbach's October 31, 2019 declaration.

## DISCUSSION

Pursuant to Federal Rule of Criminal Procedure 16(a)(1)(E)(i), the government must disclose any "books, papers, documents, data . . . or copies or portions" thereof upon the defendant's request, provided that the item is in the government's control and is "material to preparing the defense." "A defendant must make a 'threshold showing of materiality' in order to compel discovery pursuant" to this rule.[9] "Neither a general description of the information sought nor conclusory allegations of materiality suffice; a defendant must present facts which would tend to show that the Government is in possession of information helpful to the defense."[10]

In *United States v. Budziak*, the Ninth Circuit held that a district court had erroneously denied the defense's request for discovery of EP2P, a piece of investigative software similar to Torrential Downpour.[11] The Circuit concluded that the defendant had demonstrated materiality by "identif[ying] specific defenses to

---

[9] *United States v. Budziak*, 697 F.3d 1105, 1111 (9th Cir. 2012) (citing *United States v. Santiago*, 46 F.3d 885, 894 (9th Cir. 1995)).

[10] *Id.* (quoting *United States v. Mandel*, 914 F.2d 1215, 1219 (9th Cir. 1990)).

[11] *Id.* at 1111–12.

Case No. 3:17-cr-00095-SLG, *United States v. Schwier*
Supplemental Order Re: C-3 Motion to Compel Discovery and Production of Evidence
Page 3 of 8

the distribution charge that discovery on the EP2P program could potentially help him develop."[12]  The Circuit cautioned:

> In cases where the defendant has demonstrated materiality, the district court should not merely defer to government assertions that discovery would be fruitless[,] . . . especially . . . where . . . a charge against the defendant is predicated largely on computer software functioning in the manner described by the government, and the government is the only party with access to that software.[13]

It explained that "[a] party seeking to impeach the reliability of computer evidence should have sufficient opportunity to ascertain by pretrial discovery whether both the machine and those who supply it with data input and information have performed their tasks accurately."[14]  In its October 24, 2019 order, the Court found that the functionality, reliability, and accuracy of Torrential Downpour were material to Mr. Schwier's defense.[15]

However, the government asserted that production of the software was precluded by the law enforcement privilege recognized in *Roviaro v. United* States,

---

[12] *Id.* at 1112.  The defendant in *Budziak* "presented evidence suggesting that the FBI may have only downloaded fragments of child pornography files from his 'incomplete' folder, making it 'more likely' that he did not knowingly distribute any complete child pornography files to [federal] [a]gents."  *Id.*  He also "submitted evidence suggesting that the FBI agents could have used the EP2P software to override his sharing settings."  *Id.*

[13] *Id.* at 1112–13.

[14] *Id.* at 12 (quoting *United States v. Leibert*, 519 F.2d 542, 547–48 (3rd Cir. 1975).

[15] Docket 231 at 7–8.

Case No. 3:17-cr-00095-SLG, *United States v. Schwier*
Supplemental Order Re: C-3 Motion to Compel Discovery and Production of Evidence
Page 4 of 8

Case 3:17-cr-00095-SLG-DMS   Document 243   Filed 11/08/19   Page 4 of 8

353 U.S. 53 (1957).[16]   Balancing the government's interest against the defendant's,[17] the Court found in its October 24, 2019 order that based on the record then before it, "the validation process proposed by the government [was] sufficient to meet the defense's needs."[18]  The Court noted that Mr. Fischbach had spoken only in generalities at the evidentiary hearing about why production of the software for additional testing by him was necessary to the defense.[19]  Mr. Fischbach claimed that the defense's proposed testing ideas were confidential attorney work product and subject to the attorney-client privilege.[20]  The Court concluded that it could not "rule on the materiality of forensic tests that have not been disclosed to it."[21]

In the ex parte portion of his subsequent October 31, 2019 declaration, Mr. Fischbach described four additional tests of the Torrential Downpour software that

---

[16] Docket 214 at 8–11.

[17] *See Roviaro*, 353 U.S. at 62 (directing courts to balance public interest in protecting flow of information to government against defendant's right to prepare his case, "taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors").

[18] Docket 231 at 10–11.

[19] Docket 231 at 11.

[20] *See, e.g.*, Docket 230 at 6:24–7:4 (Excerpt of October 18, 2019 Hearing Transcript) ("[T]he findings that we have, and again, I'm being careful as far as privilege goes, the findings that we have have demonstrated some oddities possibly, but, again, they have to be tested to see if they are associated, but they certainly cause concern.").

[21] Docket 231 at 12.

Case No. 3:17-cr-00095-SLG, *United States v. Schwier*
Supplemental Order Re: C-3 Motion to Compel Discovery and Production of Evidence
Page 5 of 8

Case 3:17-cr-00095-SLG-DMS   Document 243   Filed 11/08/19   Page 5 of 8

he seeks to conduct at the Regional Computer Forensics Lab ("RCFL") in Anaheim, California.[22] Mr. Fischbach explained that these four tests are necessary to either develop or rule out specific defense strategies related to Counts 1 and 2 of the Third Superseding Indictment, both of which are premised on the FBI's use of the Torrential Downpour software.[23]

In the redacted copy of Mr. Fischbach's declaration, the entire description of these four tests and their relevance to the defense are blacked out.[24] The government argues that "[b]y redacting the tests themselves, the defense has withheld from the government any opportunity to contest the tests, or to agree with them."[25] The Court acknowledges the government's concerns and recognizes that in *United States v. Gonzales*, the defense disclosed the actual tests it wanted to run on Torrential Downpour in a way that permitted the government to argue against the testing.[26] Nevertheless, the Court is prepared to balance the defense's need for the additional testing of Torrential Downpour against the government's interest in restricting further access to the software.

---

[22] Docket 233-1 at 7–10, ¶ 23; Docket 234-1 at 7–10, ¶ 23 (redacted).

[23] Docket 233-1 at 7–10, 11 ¶¶ 23, 28; Docket 234-1 at 7–10, 11 ¶¶ 23, 28 (redacted); *see also* Docket 231 at 4 (describing basis of counts in indictment).

[24] Docket 234-1 at 7–10, ¶¶ 23, 28.

[25] Docket 235 at 3.

[26] No. CR-17-01311-001-PHX-DGC, 2019 WL 4040531, at *4–7 (D. Ariz. Aug. 27, 2019) (describing six tests and government's objections to their materiality).

Case No. 3:17-cr-00095-SLG, *United States v. Schwier*
Supplemental Order Re: C-3 Motion to Compel Discovery and Production of Evidence
Page 6 of 8

Case 3:17-cr-00095-SLG-DMS   Document 243   Filed 11/08/19   Page 6 of 8

Upon review of Mr. Fischbach's October 31, 2019 declaration, the Court concludes that requiring the Torrential Downpour software to be accessible to Mr. Fischbach for the additional testing at the Anaheim RCFL is warranted. In reaching this conclusion, the Court has considered that the government's interest in prosecuting Mr. Schwier for child pornography is not eviscerated by ordering the software's production. The government may opt to dismiss Counts 1 and 2; if it does so, it is not required to further produce the Torrential Downpour software to the defense. In that event, the government may still proceed on Count 3.[27] The Court also notes that the government would have the opportunity to assert that the conduct alleged in Counts 1 and 2 constitutes relevant conduct for sentencing purposes in the event Mr. Schwier is adjudged guilty on Count 3.

## CONCLUSION

In light of the foregoing, the Court supplements its order at Docket 231 as follows:

(1) **Within seven days of the date of this order**, the government shall make the Torrential Downpour software available to Mr. Fischbach and defense counsel at the Regional Computer Forensics Lab in Anaheim, California, for a

---

[27] *United States v. Gonzales*, No. CR-17-01311-001-PHX-DGC, 2019 WL 669813, at *8 (D. Ariz. Feb. 19, 2019) ("When the two interests come squarely into conflict, the defendant's right to a fair trial should prevail because the government can always choose to protect its investigative technique by dropping the prosecution and due process dictates that a citizen should never be convicted in an unfair trial." (citing *United States v. Turi*, 143 F. Supp. 3d 916, 921 (D. Ariz. 2015))).

Case No. 3:17-cr-00095-SLG, *United States v. Schwier*
Supplemental Order Re: C-3 Motion to Compel Discovery and Production of Evidence
Page 7 of 8

Case 3:17-cr-00095-SLG-DMS Document 243 Filed 11/08/19 Page 7 of 8

period of 21 consecutive days for additional testing.  This testing shall be limited to the four tests described in Mr. Fischbach's October 31, 2019 declaration.

(2)  The government may propose additional terms to the protective order entered at Docket 231 as warranted.

DATED this 8th day of November, 2019, at Anchorage, Alaska.

                                                                   */s/ Sharon L. Gleason*
                                                           UNITED STATES DISTRICT JUDGE

Case No. 3:17-cr-00095-SLG, *United States v. Schwier*
Supplemental Order Re: C-3 Motion to Compel Discovery and Production of Evidence
Page 8 of 8

Case 3:17-cr-00095-SLG-DMS   Document 243   Filed 11/08/19   Page 8 of 8