IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.     Criminal No. 3:19cr130

OKELLO T. CHATRIE,

Defendant.

## ORDER

This matter comes before the Court on Defendant Okello T. Chatrie's Motion for Discovery (the "Motion for Discovery"). (ECF No. 28.) In the Motion for Discovery, Chatrie makes twelve numbered discovery requests. The United States has responded, (ECF No. 38), and Chatrie replied, (ECF No. 49). With the Court's leave, the United States filed a sur-reply. (ECF No. 64.) On January 21, 2020, the Court held a hearing on the Motion for Discovery.

Following the January 21, 2020 Hearing, the Court ordered the Parties to provide additional briefing "addressing materiality and whether the United States is obligated to obtain information from Google under both Federal Rule of Criminal Procedure 16 and *Brady v. Maryland*, 373 U.S. 83 (1963)." (Jan. 22, 2020 Order 1, ECF No. 78.) The Court also permitted the Parties to respond to each other's briefing. (*Id.*) The Parties provided their opening briefing, (ECF Nos. 87, 88), and their replies, (ECF Nos. 92, 93).

On February 2, 2020, following the hearing and while the Parties prepared their responses to the Court's January 22, 2020 Order, Chatrie requested that the Court issue a subpoena duces tecum on Google, pursuant to Federal Rule of Criminal Procedure 17. (ECF No. 82.) The Court granted that request, (ECF No. 85), and issued the subpoena to Google, (ECF No. 86). Google responded to the subpoena. (ECF No. 96.) Chatrie then filed a "Notice of

Satisfaction," stating that Google's "response to the subpoena satisfy the requests in the subpoena duces tecum," (ECF No. 97). In his Notice of Satisfaction, Chatrie noted that "[t]he Court can conclude that Google has fulfilled its obligations under the subpoena duces tecum." (*Id.*)

Based on a review of Chatrie's filings, it appears that the subpoena duces tecum satisfies some of the requests that Chatrie made in the Motion for Discovery. However, in his Notice of Satisfaction, Chatrie did not specify the effect of Google's response on the pending Motion for Discovery. Therefore, Chatrie SHALL file a statement regarding the effect of Google's response to the subpoena on the pending Motion for Discovery. Chatrie's statement SHALL identify which discovery requests (by number or subpart, when applicable) have been fulfilled and which remain unsatisfied. Because Chatrie has received responsive information from Google, he SHALL also identify whether he continues to argue that Google is a member of the prosecution team under either Rule 16 of the Federal Rules of Criminal Procedure or the Supreme Court of the United States' decision in *Brady v. Maryland*, 373 U.S. 83 (1963). Chatrie SHALL file this statement no later than April 10, 2020, and SHALL limit his response to no more than three (3) pages.

It is SO ORDERED.

/s/
M. Hannah Lauck
United States District Judge

Date: 3/25/2020
Richmond, Virginia