**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | Case No. 3:19cr130 |
| | ) | |
| **OKELLO T. CHATRIE,** | ) | |
| **Defendant** | ) | |

## DEFENDANT'S OBJECTION TO GOOGLE'S MOTION TO FILE SUPPLEMENTAL DECLARATION AND UNOPPOSED MOTION TO STRIKE SUCH DECLARATION

Okello Chatrie, through counsel, objects to Google's motion to file a supplemental declaration by Marlo McGriff, *see* ECF No. 110, and moves the Court to strike the proposed evidence from the record for purposes of deciding the geofence suppression motion pending in this case, *see* ECF Nos. 29, 104. In support of this motion, Mr. Chatrie states the following:

1. On Wednesday, June 17, 2020, Google, over Mr. Chatrie's objection, filed a motion for leave to file a supplemental declaration from Marlo McGriff, who is an employee of Google. *See* ECF No. 110.

2. The proposed supplemental declaration purports to provide the Court with evidence that directly conflicts with evidence that the defense has uncovered in its own work in activating a phone very similar to the one that the government alleges Mr. Chatrie was using at the time of the robbery. Mr. Chatrie has already provided the Court this evidence, showing which screens and what information appear as the user activates the phone as those screens and information relate to activating the user's Location History. *See* ECF No. 72 at 6-9; 1/21/20 Tr. at 56-57; ECF No. 104 at 15-16.

3. The defense has not been able to recreate, despite several attempts, the information that Google has proffered in its supplemental declaration about a purported "second screen," let alone determine what it says—information Google does not provide. *See* ECF No. 110-1 at ¶9. Thus, there is no way that at this **late** date before the July 2, 2020, evidentiary hearing scheduled in this case, that the defense can effectively rebut the assertion about a "second screen" that the supplemental declaration purports to make.

4. Google's motion for leave to file the supplemental declaration baldly asserts that the declaration "will not prejudice the parties." ECF No. 110 at 2. That is flatly untrue. Google—just two weeks shy of an evidentiary hearing that has been planned for months—has inserted purported "evidence" that directly conflicts with facts and testimony provided by the defense. *See* ECF No. 72 at 6-9; 1/21/20 Tr. at 56-57; ECF No. 104 at 15-16.

5. Google has been aware of this evidence since at least the time that the transcript of the January 21, 2020, evidentiary hearing was posted on the docket on January 30, 2020. *See* ECF No. 81. It is beyond the defense's comprehension why Google has waited to file this motion and proposed declaration until the eve of an evidentiary hearing for which the parties have been preparing for months. As indicated in the supplemental motion to suppress, *see* ECF No. 104 at 17-20, the defense is aware of other lawsuits against Google relating to its purported "opt-in" procedures and that Google may be sensitive to issues surrounding that topic because of that litigation.

6. But at this juncture in this case, the declaration is in direct conflict with the evidence that the defense has been able to obtain regarding the "opt-in" process for Location

History. The defense cannot at this late date obtain evidence to effectively represent Mr. Chatrie at the July 2, 2020, hearing if the Court considers the purported merits of Google's supplemental declaration.

7. If the Court does not deny Google's motion and strike their purported declaration from the record, or if the Government seeks to rely on it directly or indirectly, then, in the alternative, Mr. Chatrie asks this Court to consider and endorse a defense subpoena to Google regarding the specifics of Google's Location History opt-in policies and procedures, including contextual information about the development thereof and any relevant changes in subsequent versions or updates. Additionally, should the Court take this route, Mr. Chatrie would seek to compel the in-person testimony of relevant Google representatives, including Mr. McGriff. Counsel for Mr. Chatrie would be pleased to submit additional briefing in support of these alternatives. This additional discovery and investigation will require a continuance of the July 2, 2020, hearing.

8. If, however, the Court sustains the defense's objection and grants the motion to strike the purported declaration for purposes of evaluating the geofence suppression motion, the parties will be ready to proceed to the July 2, 2020, evidentiary hearing as scheduled.

9. Counsel for Mr. Chatrie have consulted with counsel for the government about this issue. Counsel for the government have represented that they do not oppose the Court denying Google's motion for leave to file the supplement and striking it from the record for purposes of the Court's evaluation of the geofence suppression motion.

Thus, Mr. Chatrie objects to Google's motion to file a supplemental declaration by Marlo McGriff, *see* ECF No. 110, and moves the Court to strike the proposed evidence from the record for purposes of deciding the geofence suppression motion pending in this case, *see* ECF Nos. 29, 104.

        Respectfully submitted,
        OKELLO T. CHATRIE

By:     _____/s/_____
        Laura Koenig
        Va. Bar No. 86840
        Counsel for Defendant
        Office of the Federal Public Defender
        701 E Broad Street, Suite 3600
        Richmond, VA 23219-1884
        Ph. (804) 565-0881
        Fax (804) 648-5033
        laura_koenig@fd.org

        Michael W. Price
        NY Bar No. 4771697 (pro hac vice)
        Counsel for Defendant
        National Association of Criminal Defense Lawyers
        Fourth Amendment Center
        1660 L St. NW, 12th Floor
        Washington, D.C. 20036
        Ph. (202) 465-7615
        Fax (202) 872-8690
        mprice@nacdl.org

        Paul G. Gill
        Va. Bar No. 31461
        Counsel for Defendant
        Office of the Federal Public Defender
        701 E Broad Street, Suite 3600
        Richmond, VA 23219-1884
        Ph. (804) 565-0870
        Fax (804) 648-5033
        paul_gill@fd.org