IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

**UNITED STATES OF AMERICA**

v.  Criminal No. 3:19cr130

**OKELLO T. CHATRIE,**

**Defendant.**

## MEMORANDUM ORDER

This matter comes before the Court on Google LLC's ("Google") Motion for Leave to File Supplemental Declaration of Marlo McGriff (the "Motion"). (ECF No. 110.) Google represents that the United States consents to the relief requested in the Motion. Defendant Okello T. Chatrie filed an objection to the Motion (the "Objection"). (ECF No. 111.)

In the Motion, Google requests leave to file a supplemental declaration to "address[] one factual assertion regarding the steps a user must take to activate Location History in [his or] her Google account settings." (Mot. 1, ECF No. 110.) Google states that "[t]his assertion was first made during the January 21, 2020 testimony of Spencer McInvaille . . . then was repeated in . . . Chatrie's supplemental memorandum in support of his Motion to Suppress Evidence Obtained from a 'Geofence' General Warrant." (*Id.*) Google states that Mr. McInvaille's testimony regarding how a user may enable Location History is inaccurate and seeks leave to file the supplemental declaration "to ensure that the record before the Court is accurate." (*Id.* 2.)

Google states that the Motion will not prejudice the United States and Chatrie because it "addresses one narrow and discrete point of fact relevant to the pending motion" and "does not undermine or qualify any of the facts to which Mr. McGriff attested in the First Declaration, nor the [P]arties' stipulation to that declaration's accuracy." (*Id.*) Google asserts that timing of the Motion, approximately two weeks before the scheduled hearing on Chatrie's Geofence Motion to Suppress, does not prejudice the United States and Chatrie because "[t]he sole factual issue

addressed by the [s]upplemental [d]eclaration—that tapping on 'Yes, I'm in' alone will not enable Location History—was not within the scope of [Chatrie's] Rule 17 subpoena." (*Id.*) Google asserts that this represents the reason that Mr. McGriff's "First Declaration did not include the level of detail regarding the opt-in process reflected in the Supplemental Declaration." (*Id.*) Because Chatrie's "supplemental memorandum subsequently placed considerable weight on Mr. McInvaille's assertion regarding this point . . . Google . . . determined that it [was] necessary to file the [s]upplemental [d]eclaration to ensure an accurate record." (*Id.*) Google attaches the proposed supplemental declaration to the Motion. (*See* ECF No. 110-1.)

In the Objection, Chatrie asks that the Court "strike the proposed evidence from the record for purposes of deciding the geofence suppression motion." (Objection 1, ECF No. 111.) Chatrie asserts that the "proposed supplemental declaration purports to provide the Court with evidence that directly conflicts with evidence that the defense has uncovered in its own work in activating a phone very similar to the one that the government alleges . . . Chatrie was using at the time of the robbery." (*Id.*) Chatrie maintains that he "has not been able to recreate, despite several attempts, the information that Google has proffered in its supplemental declaration." (*Id.* 2.) For this reason, Chatrie states that the defense cannot "effectively rebut" the information contained in the supplemental declaration. (*Id.*)

Chatrie maintains that the Motion prejudices the United States and Chatrie because "just two weeks shy of an evidentiary hearing that has been planned for months" Google "has inserted purported 'evidence' that directly conflicts with facts and testimony provided by the defense." (*Id.*) Chatrie states that "Google has been aware of this evidence since at least" January 30, 2020. (*Id.*)

Chatrie requests that if the Court grants the Motion, it should "consider and endorse a defense subpoena to Google regarding the specifics of Google's Location History opt-in policies and procedures, including contextual information about the development thereof and any relevant changes in subsequent versions or updates." (*Id.* 3.) Chatrie states that if the Court grants the Motion, he "would seek to compel the in-person testimony of relevant Google representatives, including Mr. McGriff." (*Id.*) These requests would require a continuance of the July 2, 2020 hearing. (*Id.*) Chatrie states that the United States "do[es] not oppose" the relief he requests. (*Id.*)

A district court has discretion to manage the proceedings before it, including "management of [its] dockets, the courtroom procedures, and the admission of evidence." *United States v. Janati*, 374 F.3d 263, 273 (4th Cir. 2004). It appears that a dispute of material fact exists, which may affect the Court's understanding of the technology at issue. Because this dispute may affect the Court's ruling on Chatrie's Geofence Motion to Suppress, the Court will grant the Motion so that it can consider the substantial issues of first impression presented in the Geofence Motion to Suppress on an accurate record. Should Chatrie so choose, the Court will consider a request for an additional Rule 17 subpoena to be submitted to Google. The Court will also consider any briefing seeking to compel Google's appearance for live testimony during the upcoming evidentiary hearing on the Geofence Motion to Suppress. The Court will, and must, weigh all Parties' relevant evidence and position to ensure that it has the most accurate record before it.

However, in granting the Motion, the Court pauses to note that Chatrie's contention that Google knew about this dispute for several months and waited until the eve of the evidentiary hearing to raise it, is well-taken. The record reflects that Counsel for Google has been receiving

electronic notifications when a party files a document in this case, and Google's dilatory action was avoidable, meaning that the July 2, 2020 hearing likely could have continued as scheduled.

Because Chatrie requires additional information to properly consider the information contained in the supplemental declaration, and such information will aid the Court in deciding the Geofence Motion to Suppress, the Court will continue the hearing on Chatrie's Geofence Motion to Suppress. The Court will order the Parties to file a status report to address when they believe they will have access to the necessary information, so that the Court can reschedule the hearing.

The Court will also require the Parties to file proposed witnesses and exhibit lists identifying all witnesses they expect to call and exhibits they expect to introduce at the upcoming hearing by the previously established June 25, 2020 deadline so that the Court can be prepared to reschedule the hearing for the earliest possible date. The Parties must update these lists based on any new evidence as soon as possible, but no later than two-weeks before the newly scheduled hearing.

Because the Geofence Motion to Suppress presents substantial issues of first impression that require the Court to consider a full and accurate record concerning the technology at issue, the Court concludes that the ends of justice are best served by granting a short continuance of the hearing on the Geofence Motion to Suppress and that this outweighs the best interest of the public and the defendant in a speedy trial. *See* 18 U.S.C. §§ 3161(h)(7)(A); 3161(h)(7)(B) (identifying as one of the factors which the Court must consider in granting a continuance as "the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings . . . within the time limits established by this section"). Similarly, because Chatrie filed the pending Motion to Suppress, including the Geofence Motion to

Suppress, the time necessary to fully consider the pending Motions to Suppress is likely excluded from the Speedy Trial calculation. *See* 18 U.S.C. § 3161(h)(1)(D).

For the foregoing reasons, the Court:

(1) GRANTS the Motion, (ECF No. 110);

(2) CONTINUES GENERALLY the July 2, 2020 Hearing on Chatrie's Geofence Motion to Suppress;

(3) ORDERS that if Chatrie so chooses, he SHALL submit briefing on an additional subpoena to be issued to Google no later than July 2, 2020. Should the United States desire to file a response, it SHALL do so no later than July 9, 2020. Should he desire to file a reply, Chatrie SHALL do so no later than July 16, 2020;

(4) ORDERS Chatrie and the United States to provide a joint status update addressing the date to reschedule the hearing on the Geofence Motion to Suppress no later than **12:00 p.m. Eastern Standard Time** on July 2, 2020;

(5) ORDERS Chatrie and the United States to file witness and exhibit lists identifying each witness they expect to call and each exhibit they expect to introduce at the hearing on the Geofence Motion to Suppress no later than June 25, 2020; and,

(6) ORDERS Chatrie and the United States to provide any updates to the proposed witness and exhibits lists as soon as possible, but in no event, later than two weeks before the scheduled hearing.

It is SO ORDERED.

/s/
M. Hannah Lauck
United States District Judge

Date: 6/24/2020
Richmond, Virginia

5