IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**UNITED STATES OF AMERICA**

v.                                                                         **Criminal No. 3:19cr130**

**OKELLO T. CHATRIE,**

      **Defendant.**

## ORDER

This matter comes before the Court *sua sponte*. On January 22, 2020, the Court ordered the Parties to file "a statement regarding the Chesterfield County magistrate who signed the June 14, 2019 Geofence Warrant." (Jan. 22, 2020 Order 1, ECF No. 78.) The Parties timely filed this statement and stated that the "Magistrate who issued the geofence warrant in this case, David Bishop, is not listed on the state website directory of magistrates as a Chief Magistrate," which means that if he assumed his position after July 1, 2008, Virginia law does not require him to "be a member in good standing of the Virginia State Bar." (Jt. Stip. Regarding Magistrate 1, ECF No. 79 (citing Va. Code § 19.2-36(B).) The Parties further asserted that a "search of the Virginia State Bar attorney directory does not reveal any David Bishop as a member of the Virginia State Bar." (*Id.* 2.)

The Parties also identify that Virginia law requires "all other Magistrates in Virginia who have assumed the position of Magistrate since July 1, 2008, [to] . . have a bachelor's degree from an accredited institution." (*Id.* 1 (citing Va. Code § 19.2-37(B).) Although Chatrie stated that he had "reached out to the Chesterfield Count Magistrate's office for further information about the Magistrate's qualifications" and would "supplement this stipulation with additional information relating to this stipulation once received," the Court has received no additional information on this issue. (*Id.* 2.)

In their briefing on the Geofence Motion to Suppress, the Parties do not address the effects, if any, of a magistrate who may not hold a law degree or a higher education degree signing the Geofence warrant. The Parties also do not address whether they have received specific information regarding Mr. Bishop's educational background or his position as either a Magistrate or Chief Magistrate.

For these reasons, the Parties SHALL file no later than July 8, 2020, a statement, not to exceed ten (10) pages, on these effects, if any. If they so choose, the Parties SHALL file no later than July 15, 2020, a response, not to exceed ten (10) pages, to the other party's statement. The Parties SHALL address any additional information they have gained about Mr. Bishop in their initial position statements.

It is SO ORDERED.

/s/ MHL
M. Hannah Lauck
United States District Judge

Date: 6/24/2020
Richmond, Virginia