IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

*Richmond Division*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 3:19-CR-130-MHL |
| | ) | |
| OKELLO T. CHATRIE, | ) | |
| | ) | |
| Defendant. | ) | |

**UNITED STATES' RESPONSE TO
DEFENDANT'S MOTION FOR ISSUANCE OF A SECOND
SUBPOENA *DUCES TECUM***

The United States of America, by its undersigned attorneys, hereby responds to the defendant's motion for the issuance of a second subpoena *duces tecum* compelling Google, LLC ("Google") to produce business records about Google users opting in to Google's collection and storage of location history information. The United States does not oppose the Court's issuance of the Rule 17(c) subpoena to permit Google to either provide these documents to the Court and, by extension, the parties, or to move to "quash or modify" the subpoenas because "compliance would be unreasonable or oppressive." Fed. R. Crim. P. 17(c)(2); *see also United States v. Rand*, 835 F.3d 451, 462 (4th Cir. 2016).

Should the Court issue a subpoena, however, the United States asks that the Court add several document requests that fall within the ambit of the defendant's current requests. Each of the additional requests are relevant to the application of the third-party doctrine in this case.

The Court's June 24, 2020, Memorandum Order, permitting Google to file a supplemental affidavit clarifying the sign-in process proffered by the defendant's expert understandably focused on creating a full and complete record in light of the dispute about the last screen this defendant would have seen when setting up his Samsung S9+—the phone associated with his Google

Account at the time of the May 20, 2019, armed robbery.[1]

As to the defendant's document requests, they are premised on "Google's records concerning the date and process through which that Mr. Chatrie opted into these settings." *See* Def.'s Mot., ECF No. 123, at 3. The defendant then requests, in the absence of such documents, any records about the "generic opt-in process for a user with the same device and operating system he used." *Id.*

The additional requests offered by the United States, as set forth below, are relevant, admissible, and specific as required for all third-party document requests. These additions are presented in red font to the Defendant's Exhibit A filing and attached to this response as an Exhibit.

The additional requests by the United States would be justified upon the same basis set

---

[1] Although the United States believes that the information sought from Google is relevant to the defendant's suppression motion, the United States notes that the defendant still ultimately bears the burden of establishing his reasonable expectation of privacy in the information he seeks to have suppressed. *See, e.g.*, *Rawlings v. Kentucky*, 448 U.S. 98, 104 (1980); *Simmons v. United States*, 390 U.S. 377, 389-90 (1968). Thus far, the defendant has not established through affidavit or other sworn testimony his standing to challenge the information obtained from Google by the United States. *See United States v. Bondars*, No. 1:16-cr-0228, 2018 WL 9755072, *1 (E.D. Va. Apr. 23, 2018) (holding that a defendant failed to establish standing to challenge a search where he failed to produce any affidavit or testimony in support of his standing and instead sought to rely on the Government's statements). The United States might not press this point if the only question here was whether the location information came from the defendant's phone. However, pursuant to the GeoFence warrant, Google produced records establishing that the defendant's Google account was created on August 20, 2017, approximately 6 months prior to the release of the Samsung S9+. The United States thus believe that in order to establish standing in the location information obtained from Google, the defendant should address not only his possession of the Samsung phone and his Google account, but also when he created the Google account, how he did so, and when he linked it to his phone.

forth in the defendant's motion.[2] That is, the requests: (1) are relevant to the issue of the third-party doctrine's application to Google business records; (2) are admissible at the suppression hearing; and (3) specifically delineate the type of documents sought for a discrete, designated time period so as to ensure that they are limited to documents concerning a matter "in issue in the prosecution's case." *See, e.g.*, *Rand*, 835 F.3d at 463. Moreover, the United States and state prosecutors sought and obtained various search warrants in this case aimed at Google. The sought after documents in this request are Google business records that were not responsive to those search warrants, but do now have relevance to the litigation surrounding the GeoFence motion. Accordingly, the application is made in good-faith and not intended as a general fishing expedition.

The defendant's requests for records seek to demonstrate whether and how Google informs its users of the retention of location history information. Accordingly, the United States seeks to add the following document requests to Defendant's Exhibit A.

Google previously stated that Google users can access their stored location history information through a "Timeline" feature of the Google Maps app and that, for most Google users, that Timeline is where this location history information is captured. *See* ECF No. 96-1 at 3; ECF No. 59-1 at 14. In that vein, Google should produce all records indicating whether and how Google notified a Google user, after the user opted in to the collection and storage of location history information, that her location history information was being stored between August 20, 2017 and May 20, 2019. This request includes any records demonstrating whether Google sent

---

[2] Nevertheless, the United States does note its disagreement with the defendant's contention that a third-party subpoena faces a lower threshold, at least with respect to admissibility, than a subpoena directed at the United States. *See* Def.'s Mot., ECF No. 123, at 7-8. Indeed, the Fourth Circuit "decline[d] to adopt a lower standard for third-party subpoenas under Rule 17(c) and find that the district court applied the correct standard." *Rand*, 835 F.3d at 463. And "Rule 17(c) is available to both the defense and prosecution." *Id.*

reminders and or notification to Google users regarding location services, location history information, and location settings between August 20, 2017 and May 20, 2019. This request touches upon whether Google users, including the defendant, are provided notice that Google is maintaining this location history information. And such notice, while not dispositive of the third-party doctrine's applicability, is probative.

Second, Google records provided pursuant to the GeoFence search warrant demonstrate that the defendant created his Google account on August 20, 2017. Google should produce all records indicating how the defendant initially created his Google account. This request includes any Google records demonstrating the platform the defendant used when creating his Google account on August 20, 2017—whether via cellular telephone, internet browser on a laptop or desktop computer, or other means. If Google records demonstrate that the defendant used an internet browser on a laptop or desktop computer, Google shall produce any records explaining whether and how a Google user would enable location history retention using said platform. It is apparent, as exemplified by the factual dispute between Google and the defendant's expert, that the platform or manner that a Google user creates their account matters to the prompts and screens that they will encounter.

Lastly, Google, in explaining the various steps that must be taken before collection and storage of location history information by the company, provides:

> "In sum, LH functions and saves a record of the user's travels only when the user opts into LH as a setting on her Google account, enables the "Location Reporting" feature for at least one mobile device, enables the device-location setting on that mobile device (and for iOS devices provides the required device-level application location permission), powers on and signs into her Google account on that device, and then travels with it."

*See McGriff Affidavit*, ECF No. 96-1 at 4; *see also Google Amicus Br.*, ECF No. 59-1 at 13.

4

Little, however, has been provided to clarify the final step of signing into a Google account. Google should produce any records concerning this final step: signing into the Google account. Specifically, Google shall produce all records indicating when and or how a Google user, including the defendant, signs into their Google account using the various platforms for doing so, namely cellular telephone, internet browser on a laptop or desktop computer, or other means, as well as any sign-in screens the Google user will encounter.

## CONCLUSION

The United States does not oppose the issuance of a second subpoena *duces tecum* to Google. Should the Court issue a subpoena, however, the United States respectfully requests that the additional requests set forth in red font in the Exhibit to this response be included in that subpoena.

        Respectfully submitted,

        G. ZACHARY TERWILLIGER
        United States Attorney

By:         /s/
        Kenneth R. Simon, Jr.
        Peter S. Duffey
        Assistant United States Attorneys
        Eastern District of Virginia
        919 E. Main Street, Suite 1900
        Richmond, VA 23219
        (804) 819-5400
        Fax: (804) 771-2316
        Email: Kenneth.Simon2@usdoj.gov

        Nathan Judish
        Senior Counsel, Computer Crime and
        Intellectual Property Section
        Criminal Division
        United States Department of Justice

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 13th day of July, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send an electronic notification of such filing to the following:

Laura Koenig
Office of the Federal Public Defender (Richmond)
701 E Broad Street
Suite 3600
Richmond, VA 23219
Email: Laura_Koenig@fd.org

Paul Geoffrey Gill
Office of the Federal Public Defender (Richmond)
701 E Broad Street
Suite 3600
Richmond, VA 23219
Email: paul_gill@fd.org

Michael William Price
National Association of Criminal Defense Lawyers
1660 L Street NW
12th Floor
Washington, DC 20036
 (202) 465-7615
Email: mprice@nacdl.org
*PRO HAC VICE*

                                                _____/s/_____
                                                Kenneth R. Simon, Jr.
                                                Assistant United States Attorney
                                                Eastern District of Virginia
                                                919 E. Main Street, Suite 1900
                                                Richmond, VA 23219
                                                (804) 819-5400
                                                Fax: (804) 771-2316
                                                Email: Kenneth.Simon2@usdoj.gov