UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>OKELLO T. CHATRIE,<br><br>*Defendant*. | Case No. 3:19-cr-00130-MHL |

**MOTION FOR LEAVE TO PRESENT REMOTE TESTIMONY**

Google LLC ("Google") hereby respectfully requests that the Court permit Google's employees, Marlo McGriff and Sarah Rodriguez, to testify at the November 17, 2020 suppression hearing remotely, via Zoom or other two-way videoconference platform. Mr. McGriff and Ms. Rodriguez have been subpoenaed by the defense to testify in person at the suppression hearing. Counsel for the United States does not oppose the relief sought in this motion; counsel for Mr. Chatrie has indicated that they oppose and will file a written opposition.[1]

As the Court is aware, the COVID-19 pandemic continues to spread at record levels throughout the United States, including in Virginia and California. The number of new cases in the United States has "shattered" records in recent days, with "[n]o region of the country … spared from the onslaught." Farzan et al., *Coronavirus Updates: New U.S. Cases Surpass 128,000, Setting Record For Third Straight Day*, Wash. Post, Nov. 6, 2020,

---

[1] Counsel for Mr. Chatrie initially indicated to counsel for Google that the November 17 hearing might have to be continued in light of New York State's quarantine requirements and their impact on defense counsel's ability to attend the hearing. On November 4, counsel provided an update that the New York policies had changed and that counsel now expects the hearing to proceed as scheduled. Google accordingly submits this motion regarding the conduct of the November 17 hearing.

https://wapo.st/2IdcVPi. Governor Northam has declared a state of emergency in Virginia, and, as Chief Judge Davis recently explained in extending this Court's coronavirus-related general order in criminal cases, "the community spread of COVID-19 is continuing in all Divisions of this Court," with over 1,000 new cases reported each day, *In re: Court Operations*, General Order No. 2020-21 (E.D. Va. Sept. 24, 2020), https://www.vaed.uscourts.gov/sites/vaed/files/General%20Order%20No.%202020-21.pdf.

If Mr. McGriff and Ms. Rodriguez are required to testify in person, they will have to travel by commercial airline almost 4,000 miles from northern California to Richmond and back, subjecting them to two several-hour flights (plus time navigating two airports, public transportation, and an intervening hotel stay) at significant risk to their health. As one district court recently explained in granting a similar motion, air travel poses particular risks for passengers given the difficulty (and, in some cases, the impossibility) of social distancing and the necessity of spending time in enclosed areas and interacting with frequently touched surfaces, "potentially increasing the chance of exposure to the virus." *United States v. Davis*, 2020 WL 6196741, at *3 (D. Del. Oct. 22, 2020). Those risks would accompany any air travel, but would be heightened here given the distance Mr. McGriff and Ms. Rodriguez would be required to fly and the correspondingly long duration of the time they would have to spend in flight.

Moreover, upon returning to California, Mr. McGriff and Ms. Rodriguez will have to consider quarantining for several days—potentially including Thanksgiving—to avoid exposing their families to the possibility of infection. Especially given that the suppression hearing is scheduled for only one day, and that Mr. McGriff and Ms. Rodriguez are likely to testify for only a portion of that time, requiring them to expose themselves to these significant burdens and health risks in order to testify for a brief period is neither necessary nor appropriate. *Davis*, 2020

WL 6196741, at *4 (declining to require "four witnesses who live in California" to "fly to the east coast" in order to "provide trial testimony that, in total … , is likely to last no more than half a trial day").

It would not prejudice the parties or the Court to hear testimony from Mr. McGriff and Ms. Rodriguez remotely.  Mr. McGriff and Ms. Rodriguez have already provided extensive testimony to the Court in the form of sworn declarations, *see* ECF Nos. 96-1, 96-2, 110-1, 147, which provide technical information about Google Location History and the process for responding to warrants seeking Location History information.  Counsel for the parties have indicated to Google's counsel that they anticipate the live testimony will track and clarify the technical topics in those declarations.  While Google agrees it is essential for the Court to have an accurate record on those subjects to decide the important issues presented in this case—and Mr. McGriff and Ms. Rodriguez look forward to assisting the Court in this respect—Mr. McGriff and Ms. Rodriguez are not being asked to testify about subjects to which their demeanor on the stand would be particularly relevant.  In a wide range of proceedings—including criminal trials, where defendants are entitled to heightened procedural protections—courts have permitted witnesses to testify via videoconference during the COVID-19 pandemic.  *See Davis*, 2020 WL 6196741, at *5; *United States v. Donziger*, 2020 WL 5152162, at *3 (S.D.N.Y. Aug. 31, 2020); *see also, e.g., Centripetal Networks, Inc. v. Cisco Sys., Inc.*, 2020 WL 3411385, at *1 (E.D. Va. Apr. 23, 2020) (Morgan, J.) (denying defendant's motion opposing civil trial by videoconference).  *Accord Sentry Select Ins. Co. v. Maybank Law Firm, LLC*, 2020 WL 5441305, at *1 (D.S.C. Sept. 10, 2020) (trial testimony); *Sonrai Sys., LLC v. Romano*, 2020 WL 3960441, at *2 (N.D. Ill. July 13, 2020) (deposition); *Gould Elecs. Inc. v. Livingston Cty. Rd. Comm'n*, 2020 WL 3717792, at *1 (E.D. Mich. June 30, 2020) (trial testimony); *Argonaut Ins.*

*Co. v. Manetta Enters., Inc.*, 2020 WL 3104033, at *2 (E.D.N.Y. June 11, 2020) (trial testimony); *In re RFC & ResCap Liquidating Tr. Action*, 444 F. Supp. 3d 967, 970-971 (D. Minn. 2020) (trial testimony). Here, the November 17 hearing is not a jury trial, *cf. United States v. Raddatz*, 447 U.S. 667, 679 (1980) (holding that procedures at a suppression hearing "may be less demanding and elaborate than the protections accorded the defendant at the trial itself"), and given the subject matter, there is no reason to think the testimony of Mr. McGriff and Ms. Rodriguez will be any less clear or effective (or that the Court's ability to evaluate that testimony will be hampered) if the testimony is delivered remotely.

Counsel for Google has conferred with counsel for the parties about this request. Counsel for the United States has no objection to remote testimony. Defense counsel, however, has repeatedly stated a preference for in-person testimony. In doing so, defense counsel has not identified any specific need for either Google witness to be physically present in the courtroom (for instance, in order to review any physical exhibits or for any other purpose).

Instead, counsel has emphasized the importance of this case and the need for an accurate record. Google emphatically agrees with the defense on that point—indeed, Google's objective in submitting its amicus brief and the declarations has been to ensure that the Court has an accurate record of Google Location History as it relates to the parties' legal arguments on the motion to suppress. But that simply does not necessitate in-person testimony. An accurate record can be preserved using videoconference technology, as many courts have found throughout the course of the pandemic.

To the extent the defense or the Court have concerns about possible connectivity issues, Google would, of course, commit to taking every step practical to facilitate Mr. McGriff's and Ms. Rodriguez's testimony without technological interference and to follow up with additional

written or remote live testimony upon request by the Court if any issues do arise during the hearing. Respectfully, however, the possibility of a connectivity issue should not outweigh the significant risk to life and health and other burdens that Mr. McGriff and Ms. Rodriguez will be subjected to if required to testify in person.

Pursuant to Local Criminal Rule 47(E), Google hereby waives hearing and oral argument on this motion. A proposed order is attached.

Dated: November 9, 2020

Respectfully submitted,

/s/ Brittany Amadi
Brittany Amadi (Va. Bar No. 80078)
Catherine M.A. Carroll (Va. Bar. No. 50939;
  *pro hac vice*)
Alex Hemmer (*pro hac vice*)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1875 Pennsylvania Ave. NW
Washington, DC 20006
Tel: (202) 663-6000
Fax: (202) 663-6363
brittany.amadi@wilmerhale.com
catherine.carroll@wilmerhale.com
alex.hemmer@wilmerhale.com

*Counsel for Amicus Google LLC*