UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>OKELLO T. CHATRIE,<br><br>*Defendant*. | Case No. 3:19-cr-00130-MHL |

**REPLY IN SUPPORT OF MOTION FOR LEAVE
TO PRESENT REMOTE TESTIMONY**

With U.S. cases now surpassing the 10-million mark, public-health experts have warned that the COVID-19 pandemic is entering its "worst phase" yet. Bellware et al., *U.S. Surpasses 10 Million Coronavirus Cases; Experts Warn Country Is Entering Worst Phase*, Wash. Post, Nov. 9, 2020, https://www.washingtonpost.com/nation/2020/11/09/coronavirus-covid-live-updates-us/. Unlike the attorneys and members of the defense team who plan to travel to the November 17 hearing in person from points on the east coast, Mr. McGriff and Ms. Rodriguez will be required to travel from almost 4,000 miles away, and there is no dispute this will entail a unique degree of risk. *See United States v. Davis*, 2020 WL 6196741, at *4 (D. Del. Oct. 22, 2020). That risk should outweigh the marginal differences between live and remote testimony.

The defense argues that in-person testimony is needed for three reasons. First, the defense asserts (at 3) that in-person testimony is necessary for the defense to confront Mr. McGriff and Ms. Rodriguez using materials in the record and for the Court to be able to evaluate the Google witnesses' credibility. But courts have conducted remote proceedings even where witness credibility is at issue. *See Davis*, 2020 WL 6196741, at *5 (explaining that jury would be able to "evaluate [witness]'s credibility and veracity" via "remote videoconferencing

1

technology"); *In re RFC & ResCap Liquidating Tr. Action*, 444 F. Supp. 3d 967, 970 (D. Minn. 2020) ("The near-instantaneous transmission of video testimony through current technology permits the jury [or, in a bench trial, the Court] to see the live witness along with his hesitation, his doubts, his variations of language, his confidence or precipitancy, [and] his calmness or consideration[.]'" (quotation marks omitted; alterations in original)). As this Court's coronavirus-related general order acknowledges, even far weightier proceedings such as felony pleas and sentencings are encouraged to proceed remotely. *In re: Court Operations*, General Order No. 20-21, at 8 (E.D. Va. Sept. 24, 2020), https://www.vaed.uscourts.gov/sites/vaed/files/General%20Order%20No.%202020-21.pdf.; *see also id.* at 6 (noting Administrative Office guidance that courts "should continu[e] to use video- and teleconferencing to the greatest extent possible" (quotation marks omitted)). While Google agrees with the defense that this is an important case, the defense does not explain why the witnesses cannot be examined effectively about record materials and exhibits over videoconference.

Second, the defense argues that in-person testimony is necessary to ensure the witnesses can be sequestered without access to "communication with others who are not testifying" or "outside digital or print material." Opp. 3-4. But Google's witnesses have no intention of consulting any such resources while testifying, and would swear under oath to that fact, under penalty of perjury, if such a commitment would reassure the defense. Moreover, with one qualification, Google would have no objection to an order imposing the conditions the defense suggests—*i.e.*, "prohibit[ing] any communication with any other individual," "prohibit[ing] the use of any devices to access information not presented in the form of a party's exhibit," and "requir[ing] strict compliance with a sequestration order." Opp. 6 n.4. (The qualification is that Ms. Rodriguez and Mr. McGriff must be able to consult with counsel, just as they would be free

to do at an in-person hearing, if a question were asked that called for information within the attorney-client privilege.)  Unfounded speculation that Ms. Rodriguez and Mr. McGriff would simply disregard this Court's instructions provides no basis to deny the motion.  *See Centripetal Networks, Inc. v. Cisco Sys., Inc.*, 2020 WL 3411385, at *1 (E.D. Va. Apr. 23, 2020) (rejecting argument that testimony by videoconference would impede sequestration and explaining that "[t]he Court will not presume that counsel or any witnesses will violate any separation or recording rules that it imposes").[1]

The defense finally argues that in-person testimony is necessary due to a "significant risk of technological disruptions."  Opp. 4.  But the defense cites only vague anecdotal experience in support, and ultimately acknowledges that many courts have successfully made expanded use of remote testimony.  *Id.*  Moreover, as Google has explained, Mot. 4-5, it would gladly take every step practical to facilitate its employees' testimony via videoconference at the hearing, including ensuring that Mr. McGriff and Ms. Rodriguez testify from a location with access to high-speed Internet and similar resources.  With respect, the mere possibility of a connectivity issue should not outweigh the risks posed to Mr. McGriff and Ms. Rodriguez by requiring them to travel

---

[1]     In addition, setting aside the tendentious nature of the defense's arguments, Google has no objection to its witnesses being asked leading questions under Federal Rule of Evidence 611(c) (not because they are "adverse" to anyone, but in order to better develop testimony and ensure an accurate record).

thousands of miles from northern California to Richmond for the sole purpose of testifying for a small portion of a one-day hearing.[2]

Google's motion for leave to present remote testimony should be granted.

Dated: November 12, 2020

                                               Respectfully submitted,

                                             /s/ Brittany Amadi
                                             Brittany Amadi (Va. Bar No. 80078)
                                             Catherine M.A. Carroll (Va. Bar. No. 50939; *pro hac vice*)
                                             Alex Hemmer (*pro hac vice*)
                                             WILMER CUTLER PICKERING HALE AND DORR LLP
                                             1875 Pennsylvania Ave. NW
                                             Washington, DC 20006
                                             Tel: (202) 663-6000
                                             Fax: (202) 663-6363
                                             brittany.amadi@wilmerhale.com
                                             catherine.carroll@wilmerhale.com
                                             alex.hemmer@wilmerhale.com

                                             *Counsel for Amicus Google LLC*

---

[2] The defense recounts a portion of the communications between counsel leading up to Google's motion. Opp. 1-3. Although the purpose of that timeline is unclear, to the extent the defense means to suggest that the Court should deny Google's motion because Google has been aware of the hearing date since October 7, that argument fails. Google's counsel repeatedly inquired with the parties beginning on October 9 about the possibility of Mr. McGriff and Ms. Rodriguez testifying remotely—if their testimony were needed at all—repeatedly explained its preference for remote testimony, and proposed a call with defense counsel to discuss the matter (a proposal defense counsel did not accept). The defense did not serve the subpoenas for Mr. McGriff's and Ms. Rodriguez's testimony until October 28 (despite multiple inquiries from Google's counsel). At the same time, however, the defense informed Google's counsel that the hearing date might be continued. Mot. 1 n.1. Google accordingly did not approach the Court with this motion until after defense counsel reported on November 4 that the hearing would proceed as scheduled. The timeline thus should not have any bearing on this motion.