IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

*Richmond Division*

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 3:19-CR-130-MHL |
| ) | |
| OKELLO T. CHATRIE, ) | |
| ) | |
| Defendant. ) | |

## UNITED STATES' MOTION TO COMPEL DISCLOSURE OF EXPERT REPORT AND EXHIBIT 12

The United States of America, through its representatives, Raj Parekh, Acting United States Attorney for the Eastern District of Virginia, and Assistant United States Attorneys Kenneth R. Simon, Jr. and Peter S. Duffey, respectfully requests that this Court direct the defendant to provide a report being prepared by its expert on or before February 5, 2021, as well as a full indication of the documents comprising exhibit 12 in anticipation of the motion to suppress hearing in this case. Over the last three months, defense counsel has represented that these documents were forthcoming. Now, with the suppression motion a little over one month away, the United States seeks an Order from this Court directing that the defendant fulfill his discovery obligations. In seeking this relief, the United States' will be placed in the same position as the defendant vis-à-vis discovery.

### I.  RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On September 17, 2019, the defendant was charged in a two-count Indictment for his involvement in the armed robbery of the Call Federal Credit Union in Midlothian, Virginia. ECF No. 1. The Court entered an Agreed Discovery Order was on October 1, 2019. ECF No. 15. On October 29, 2019, the defendant filed two motions—a motion to suppress the evidence

stemming from the Geofence warrant in this case as well as a motion for discovery for "Google's Sensorvault Data." ECF Nos. 28, 29. These motion came on the heels of seven other motions filed one week earlier. ECF Nos. 17-23.

The defendant's motion for discovery of Google "Sensorvault" data then took center stage with the Court ordering that a hearing take place on the discovery motion on January 21, 2020 as well as additional briefing by the United States. ECF Nos. 51, 53. At that discovery hearing, defense counsel reiterated the position that "nothing about this case was ordinary" thus necessitating the discovery they sought. Disc. Hr'g Tr. at 142.

Subsequent to the discovery hearing, the Court directed additional briefing on the issue and canceled the suppression hearing then scheduled for February 20, 2020. ECF No. 78. The Court nevertheless directed that both parties make expert disclosures on February 3, 2020 and February 10, 2020, respectively. *Id.* Both parties complied with this Order. On April 13, 2020, the Court scheduled the suppression hearing for July 2, 2020, and directed the parties to file witness and exhibit lists no later than June 25, 2020. ECF No. 101.

The Court then, on June 24, 2020, in light of an updated affidavit submission from Google, Inc. generally continued the July 2, 2020 suppression hearing, but nevertheless directed the parties to still file their witness and exhibit lists on June 25, 2020. ECF No. 115. That Order also provided that any updates to witness and exhibit lists be filed no later than two weeks before the to-be-scheduled suppression hearing. On October 5, 2020, the Court rescheduled the suppression hearing for November 17, 2020. ECF No. 153.

On November 4, 2020, defense counsel advised the United States that they were compiling exhibits to provide to the United States, including the still-incomplete Exhibit 12. Exhibit 12 will

consist of varied filings from the State of Arizona's lawsuit against Google, Inc. *See Arizona v. Google, LLC*, No. CV2020-006219 (Ariz. Sup. Ct. 2020). Five days prior to the November suppression hearing, on November 12, 2020, defense counsel advised the United States that their expert had a new opinion—Google Assistant was what triggered the activation of location history on the defendant's phone. At the same time, defense counsel represented that the expert was writing a short report to submit to the United States and they anticipated being able to provide that report on November 12, 2020. By this time, the defendant had the United States' expert disclosures since February 3, 2020, with an updated disclosure coming in mid-June 2020 to account for changes to a PowerPoint.

The United States then sought on several other occasions to get the report from the defendant. On December 7, 2020, the United States sought an update on the status of the expert report as well as the filings that will comprise Exhibit 12. After receiving no response, the United States called defense counsel during the week of December 14, 2020, following up with an email on December 17, 2020. That email, among other things, asked defense counsel to provide us with a clear date that the expert report and Exhibit 12 would be provided to the United States.

On January 11, 2021, after another call from the United States, defense counsel again reiterated that their expert was preparing the report and they would have that report for the United States shortly. In addition, defense counsel raised the possibility of "a supplemental report."

To date, the United States has not received any of the new expert disclosures or the underlying filings that defense counsel intends to introduce at the suppression hearing.

## II. Law and Argument

Rule 16 provides, in relevant part, that the defendant has disclosure obligations under certain circumstances. Indeed, "[t]he defendant must, at the government's request, give to the government a written summary of any testimony that the defendant intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial, if. . . the defendant requests disclosure under subdivision (a)(1)(G) and the government complies." Fed. R. Crim. P. 16(b)(1)(C). Such is the case here. No different with other "papers, documents, data" or copies thereof. Fed. R. Crim. P. 16(b)(1)(A).

Moreover, the defendant's motions for discovery demonstrates his insistence that "Rule 16 applies pretrial and the federal rules specifically contemplate its connection to suppression hearings." Mot. for Discovery at 23, ECF No. 87. Such a position is at odds with a failure to disclose the requested documents in a timely manner. The United States is not seeking more than it has already provided to the defendant—a full accounting of expert disclosure obligations and comprehensive disclosure of exhibits intended for use at the suppression hearing.

## III. Conclusion

For the reasons set forth herein, the United States respectfully requests that this Court enter an Order directing full expert disclosures and exhibit 12 on or before February 5, 2021.

    Respectfully submitted,

    RAJ PAREKH
    ACTING UNITED STATES ATTORNEY

By: _____/s/_____
    Kenneth R. Simon, Jr.
    Peter S. Duffey

Assistant United States Attorneys
919 East Main Street, Suite 1900
Richmond, VA 23219-2447
Phone: (804) 819-5400
Fax:   (804) 771-2316
Kenneth.Simon2@usdoj.gov