IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v.                              ) | Case No. 3:19cr130 |
| ) | |
| **OKELLO T. CHATRIE,** ) | |
|     **Defendant** ) | |

**DEFENDANT'S RESPONSE TO THE GOVERNMENT'S MOTION TO COMPEL**

Okello Chatrie, through counsel, responds as follows to the government's motion to compel:

1. On January 25, 2021, the government filed a motion to compel the defense to provide an expert report and identify public documents from *Arizona v. Google LLC*, No. CV2020-006219 (Ariz. Super. Ct. 2020).

2. First, on the date of the motion, the defense provided the expert report at issue and identified the documents in *Arizona v. Google LLC*, No. CV2020-006219 (Ariz. Super. Ct. 2020), and provided links to those documents to the government.

3. Second, just over three months earlier, the defense expert obtained 85 gigabytes of data necessary to his anticipated expert report. Specifically, he obtained it when he visited the Federal Bureau of Investigation in Richmond, Virginia on October 14, 2020, and in the presence of the government's expert, conducted three data extractions from Mr. Chatrie's cell phone, totaling 85 gigabytes. The defense expert then provided the government's expert with an identical copy of the 85 gigabytes of data, on the same day.

4. After that point, the defense expert worked extensively with the data to answer a critical and unresolved question in this case: how was Location History enabled on Mr. Chatrie's phone? Google has provided the precise date and time Location History was enabled, but Google has been unable to say how it was enabled. Until recently, Mr. Chatrie had assumed that Location History was enabled during the initial setup of his phone. But the information provided by Google appears to indicate otherwise, raising the likelihood that it was enabled through an application at a later date, using pop-up screens that differ significantly from those found in the initial phone setup process. In fact, the defense expert has concluded that Location History was enabled through the "Google Assistant" application.

5. Determining how Location History was enabled required the defense expert to manually open file after file and in many cases, manually convert each timestamp in each of the files reviewed into formats that are more readily understandable. This work is ongoing and has been for months. But, in the interest of making sure that the government expert had sufficient time to review the basis of the opinion that the defense expert had reached, the defense expert finalized a written report on Friday evening, January 22, 2021. The defense provided that to the government on Monday, January 25, 2021, indicating that if additional opinions are formed in the ongoing review of the 85 gigabytes of data, the expert's opinion may need to be supplemented.

6. Also on January 25, 2021, the defense provided to the government a list of documents and exhibits to those documents from *Arizona v. Google LLC*, No. CV2020-006219 (Ariz. Super. Ct. 2020), that the defense anticipates using in the March 4 and 5, 2021,

hearing.  The defense further provided links to the government that same day as to how to access those documents.

7. Undersigned counsel had discussed on January 25, 2021, filing a written response the following day to the government's motion to compel outlining the information herein for the Court.  Ms. Koenig anticipated doing that, but unfortunately, with the outbreak of COVID-19 at Pamunkey Regional Jail where she at that time had eight clients incarcerated, she was significantly delayed by responding to client and family member concerns in addition to other casework.  She apologizes to the Court for not previously filing this response so as to save the Court time in evaluating the government's motion.

Thus, the defense asks the Court to deny as moot the government's motion to compel.  Should the Court continue to find necessary a conference call on February 4, 2021, in the afternoon, Ms. Koenig and Mr. Gill will be available to provide any additional information necessary.

                                                Respectfully submitted,
                                                OKELLO T. CHATRIE

By: _____/s/_____
Michael W. Price
NY Bar No. 4771697 (pro hac vice)
Counsel for Defendant
National Association of Criminal Defense Lawyers
Fourth Amendment Center
1660 L St. NW, 12th Floor
Washington, D.C. 20036
Ph. (202) 465-7615
Fax (202) 872-8690
mprice@nacdl.org

_____/s/_____
Laura Koenig
Va. Bar No. 86840
Counsel for Defendant
Office of the Federal Public Defender
701 E Broad Street, Suite 3600

Richmond, VA 23219-1884
Ph. (804) 565-0881
Fax (804) 648-5033
laura_koenig@fd.org

Paul G. Gill
Va. Bar No. 31461
Counsel for Defendant
Office of the Federal Public Defender
701 E Broad Street, Suite 3600
Richmond, VA 23219-1884
Ph. (804) 565-0870
Fax (804) 648-5033
paul_gill@fd.org