IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| UNITED STATES | ) | |
| | ) | |
| v. | ) | Case No. 3:19CR130 |
| | ) | |
| OKELLO T. CHATRIE | ) | |

**Defendant's Motion for Reconsideration of Bail**

Mr. Chatrie, by counsel, moves for reconsideration of bail pursuant to 18 U.S.C. § 3142(f) on the following grounds.

Mr. Chatrie has no prior record, beyond a reckless by speed. In continuous custody since August 13, 2019, he was initially arrested on state charges, dropped for federal charges of armed bank robbery and a related brandishing charge under 18 U.S.C. §§ 2113 and 924(c)(1)(A), for which he waived detention hearing on October 1, 2019. *See* ECF Nos. 1, 10, 13.

Several new relevant facts have emerged in the 19 months since the waived detention hearing. Mr. Dwayne Chatrie, Okello's father, has gone from working 7 days a week (one of the factors cited by Pretrial Services in declaring him unsuitable as a third-party custodian) to 5 days a week. In addition, the other cited rationale for disfavoring the father as a third-party custodian, the speculative potential for his needing to return to Jamaica on account of his own aging parents, seems more speculative now, given that the parents have not required his physical presence for the last 19 months, and Dwayne Chatrie's only passport is an expired Jamaican one. As a lawful permanent resident, with steady employment and a home with room for his son, Dwayne Chatrie should be an acceptable custodian.

Mr. Chatrie has also advanced ample evidence to challenge the government's novel use of a so-called "geofence" warrant, involving the search of *millions* of Google users to identify cell

phones of interest to investigators. Defendant has moved to suppress the fruits of this search as an unconstitutional general warrant, devoid of the requisite probable cause and particularity. *See* ECF No. 29; ECF. No. 104; ECF No. 205. The government has acknowledged that the motion is potentially dispositive. 1/21/20 Tr. at 172. And as defendant demonstrated during a two-day evidentiary hearing in March 2021, the search was an epic dragnet, requiring Google to search the "Location History" data of "numerous tens of millions" of people, despite the absence of probable cause to search a single account. See ECF No. 96-1 at 4; ECF No. 205 at 33-37. The warrant also employed a multi-step process that gave Google and the government—not a court—the power to decide which users to single out for additional account searches, revealing the warrant's profound lack of particularity. ECF No. 96-2 at 5-6; ECF. No. 205 at 37-40.

Finally, the defendant has also since his first, waived bail hearing, contracted COVID and suffered symptoms, including loss of taste and smell, in the same jail where he has been in federal custody for 19 consecutive months.

Reopening the detention hearing is required at any time before trial when a judicial officer finds new information not known to the movant at the time of the original bail hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community. 18 U.S.C. § 3142(f).

In addition, it would be difficult to "profile" this defendant as undeserving of release on conditions. Many individuals charged with federal crimes of violence (COV) are released on conditions, with few significant consequences. Nearly 29 percent of all those with COV charges were released in fiscal 2016. *See* Bureau of Justice Statistics, *Federal Justice Statistics* 2016 – Statistical Tables, Table 3.1 (Dec. 2020, NCJ251772).

Mr. Chatrie has no prior criminal record and no prior history of failure to appear. Failure to appear is not much of a concern for the granting of or administration of federal release, however. Released federal defendants include over 33 percent with one prior failure to appear, and nearly 27 percent with two or more. *Id.* at p.17 (Table 3.2). For those more than 27,000 persons released pretrial, no category of charges are associated with a failure to appear frequency of even 1 percent, with those released with COV charges or weapon charges missing a court date only 0.6% and 0.4% of the time, respectively. *Id.* at p. 18 (Table 3.3). Likewise, those released who face COV charges who are later violated are overwhelmingly so adjudicated only for technical violations, not new felony or misdemeanor offenses (0.5% and 1%, respectively). *Id.*

Mr. Chatrie therefore respectfully requests rehearing of his bail determination, and release on conditions to include home detention, electronic monitoring, and appointment of a third party custodian.

                                                        Respectfully submitted,

                                                        OKELLO T. CHATRIE

By:         /s/
                        Paul G. Gill
                        Virginia Bar Number 31461
                        Office of the Federal Public Defender
                        701 E. Broad Street, Suite 3600
                        Richmond, VA 23219-1884
                        Phone: 804.565.0870
                        paul_gill@fd.org

**CERTIFICATE OF SERVICE**

      I certify that on May 14, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.

      By: _____/s/_____
Paul G. Gill
Virginia Bar No. 31461
Office of the Federal Public Defender
701 E. Broad Street, Suite 3600
Richmond, VA 23219-1884
Phone: 804.565.0870
Fax 804.648.5033
Paul_gill@fd.org