IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA

*Richmond Division*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 3:19-CR-130-MHL |
| | ) | |
| OKELLO T. CHATRIE, | ) | |
| | ) | |
| Defendant. | ) | |

**UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S
MOTION FOR BOND RECONSIDERATION**

In a case where he faces the presumption of detention because he brandished a firearm during a credit union robbery, the defendant seeks to be released on conditions largely because his father works two less days per week than when he was first detained and the parties are litigating a motion to suppress over a warrant that has been approved thousands of times by scores of magistrate judges across the United States. The defendant should remain detained.

Subsequent to the execution of a search warrant at the residence of the defendant's father as well as that of the home he shared with his girlfriend, the United States recovered evidence of the defendant's culpability: (1) the loaded semi-automatic pistol used in the armed robbery of the Call Federal Credit Union; (2) a money counter; (3) nearly $100,000 in United States currency wrapped in credit union bands signed by the associate the defendant threatened; and (4) a practice demand note from the defendant's bedroom at his father's home. After he was taken into custody and provided his warnings pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966), the defendant admitted that he was the perpetrator of the armed robbery.

The facts of that armed robbery amply demonstrate the danger of the offense and need to detain this defendant: (1) he presented a handwritten note that read, in part, "I got your family as hostage and I know where you live, If you or your coworker alert the cops or anyone your family

and you are going to be hurt . . . I need at least 100k"; (2) after the associate presented with the note told him that she did not have access to that amount of money, the defendant pulled out a silver and black handgun; (3) waving the firearm around, the defendant then had the sales associate, other Call Federal Credit Union employees, and customers move to the center of the lobby and get on the floor; and (4) the defendant then led victims behind the teller counter and into a back room where the Credit Union's safe was located where he ordered everyone to their knees at gunpoint and demanded that the bank manager open the safe. The Credit Union manager, fearing for his life, obliged by opening the safe and handing over $195,000 in United States currency. These actions are shown in the attached stills of video of the armed robbery. *See* Exhibit A.

Considering the foregoing and in light of the factors set forth in 18 U.S.C. § 3142(g), the defendant should not be released.

    **I. LEGAL FRAMEWORK AND ARGUMENT**

"When the district court acts on a motion to revoke or amend a magistrate judge's pretrial detention order, the district court acts de novo and must make an independent determination of the proper pretrial detention or conditions of release." *United States v. Stewart*, 19 F. App'x 46, 48 (4th Cir. 2001). Where a defendant is facing detention for violation of terms of his supervised release, "[t]he burden of establishing by clear and convincing evidence that the person will not flee or pose a danger to any other person or to the community rests with the person." *See* Fed. R. Crim. P. 32.1(a)(6). The Court may rely on the record from the original detention hearing. *See United States v. Taylor*, Crim. No. 7:19-cr-00101, 2020 WL 1695493, at *1 (W.D. Va. Apr. 7, 2020) (collecting cases).

Pursuant to 18 U.S.C. § 3142(g), the factors that must be considered in determining whether to detain or release a defendant on conditions include: (i) the nature and circumstances of the

offense charged; (ii) the weight of the evidence against the defendant; (iii) the history and characteristics of the defendant; and (iv) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.

### A. Nature and Circumstances of the Offense Charged

As an initial matter, the defendant is charged with Forced Accompaniment during an Armed Credit Union Robbery as well as brandishing a firearm during and in relation to that crime. *See* ECF No. 1. As a result of the brandishing charge in Count Two, the defendant faces a rebuttable presumption "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community" for brandishing a firearm during and in relation to a crime of violence. *See* 18 U.S.C. § 3142(e)(3)(B).

More than the statutory presumption, the defendant's conduct on May 20, 2019 was notably dangerous and justifies his continued detention. As shown through the stills of video documenting the armed robbery, the defendant entered the Credit Union and directed everyone inside to the center of the store and to their knees. He then told the manager to go get the money from a back room—that, too, at gunpoint. The endless waving of a semi-automatic pistol by the defendant toward harmless victims all in the name of stealing money shows a disregard for human life.

The nature and circumstances of the offense supports the defendant's continued detention.

### B. Weight of the Evidence against the Defendant

The weight of the evidence against the defendant is strong. He has admitted to the crime—an admission corroborated by the recovery of the firearm used in the robbery, a practice demand note, and nearly $100,000 in United States currency wrapped in bands signed by the associate he first threatened. The defendant makes much of the litigation surrounding the GeoFence warrant obtained in this case. The parties clearly have a different view of the Constitutionality of that

3

warrant. As thoroughly explained in the United States' most recent filing, *see* ECF No. 207, Google was a witness to the crime and had evidence of the defendant's location after he voluntarily disclosed that information to Google so that he could receive better services from Google. Rather than being a dragnet search, the GeoFence warrant enabled law enforcement to solve the armed robbery of the Call Federal Credit Union and protect the public by allowing them to obtain a limited and focused set of records from Google: location information over a two-hour interval of three identified and six unidentified individuals, and limited location information over a one-hour interval of ten other unidentified individuals.

This factor firmly supports the defendant's continued detention pending trial.

### C. History and Characteristics of the Defendant

Although the defendant lacks a criminal history heretofore, it remains important to recognize his lack of ties to the Richmond region. To begin, he is a Jamaican national who made off with nearly $200,000 in United States currency. Around $100,000 of that money was never recovered. And there's no indication where that unaccounted-for money is now and who the defendant provided it to prior to being taken into custody. The defendant is facing a mandatory minimum of 17 years in prison if convicted of the charges in this case. His potential desperation to avoid accountability and this serious period of incarceration cannot be understated considering the unaccounted-for money.

### D. Nature and Seriousness of the Danger to the Public

The defendant entered the Call Federal Credit Union with a loaded 9mm semi-automatic pistol because he was desperate for money. This desperation caused him to kneel everyone—customers and employees alike—at gunpoint until he could find the money in the credit union. He threatened their lives. In doing so, the defendant made clear that the safety of the community will take a backseat to his need for funds. That is particularly notable when the defendant is requesting

release without consideration that he will not be employed upon release. And, if released, putting him into contact with the public so that he can make money simply disregards the defendant's actions. Actions to which he has admitted. At bottom, public safety is only adequately ensured if the defendant is detained.

## II. CONCLUSION

The defendant should remain detained pending trial.

Respectfully submitted,

RAJ PAREKH
Acting United States Attorney

By:     /s/
Kenneth R. Simon, Jr.
Peter S. Duffey
Assistant United States Attorneys
United States Attorney's Office
Eastern District of Virginia
919 E. Main Street, Suite 1900
Richmond, VA 23219
(804) 819-5400
Fax: (804) 771-2316
Email: Kenneth.Simon2@usdoj.gov

5