IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No. 3:19CR130 |
| OKELLO T. CHATRIE, | |
| Defendant. | |

## CONSENT ORDER OF FORFEITURE

BASED UPON the plea agreement into which the defendant and the United States have entered, and finding the requisite nexus between the property listed below and the offenses to which the defendant has pleaded guilty, IT IS HEREBY ORDERED THAT:

1. The following property is forfeited to the United States pursuant to 18 U.S.C. § 981(a)(1)(C), as incorporated by 28 U.S.C. § 2461(c):

    a. **A sum of money in the amount $195,000, which represents the proceeds the defendant obtained as a result of the violation in Count 1 of the information and which sum shall constitute a monetary judgment against the defendant in favor of the United States. This is a sum for which the defendant shall be solely liable. Further, this sum shall be partially offset by the government's net from the forfeiture of the assets listed just below in this paragraph;**

    b. **$102,293 in U.S. currency seized in Richmond, Virginia on August 13, 2019.**

2. The following property is forfeited to the United States 18 U.S.C. § 981(a)(1)(C), as incorporated by 28 U.S.C. § 2461(c):

    c. **Taurus G2C, 9mm semi-automatic pistol, bearing serial number TLW87541 and all accompanying magazines and ammunition.**

3. The United States shall seize all forfeited property and shall take full and exclusive custody and control of same, regardless of whether presently held by the defendant or a third party. The United States is further authorized to conduct any discovery proper in identifying, locating, or disposing of the forfeited property, pursuant to Fed. R. Crim. P. 32.2(b)(3).

4. This forfeiture order is final as to the defendant, pursuant to Fed. R. Crim. P. 32.2(b)(4)(A), but preliminary as to third parties who may have a legal interest in a specific property.

5. The United States shall, to the extent practicable, provide direct written notice to any persons known to have alleged an interest in the property, and shall publish notice of the order in accordance with Fed. R. Crim. P. 32.2(b)(6).

6. Any person, other than the defendant, asserting any legal interest in the property may, within thirty days of the final publication of notice or receipt of direct written notice, whichever is earlier, petition the Court for a hearing to adjudicate the validity of an alleged interest in the property, pursuant to 21 U.S.C. § 853(n) and Fed. R. Crim. P. 32.2(c)(1).

7. Following the Court's disposition of all timely petitions filed, a final order of forfeiture shall be entered. If no third party files a timely petition, this order shall become the final order of forfeiture, as provided by Federal Rule of Criminal Procedure 32.2(c)(2), and the United States shall have clear title to the property, pursuant to 21 U.S.C. § 853(n)(7) and Fed. R. Crim. P. 32.2(c)(2), and shall dispose of the property in accordance with law.

8. As to the monetary judgment set forth in paragraph 1 above, the defendant stipulates and the Court finds that the requirements of 21 U.S.C. § 853(p) have been satisfied and that the government may, by motion filed pursuant to Fed. R. Crim. P. 32.2(e), collect on its

monetary judgment by all available means, including but not limited to the forfeiture of directly forfeitable and substitute assets.

9. Upon entry of this order, the United States Attorney's Office is authorized to conduct any appropriate discovery including depositions, interrogatories, requests for production of documents and for admissions, and the issuance of subpoenas, to identify, locate, or dispose of forfeitable property.

/s/ MHL
M. Hannah Lauck
United States District Judge
Honorable M. Hannah Lauck
United States District Judge

Richmond, Virginia

Dated: 5-9-2022

The parties stipulate and agree that the aforementioned assets represent property described in 18 U.S.C. §§ 924(d)(1) and 981(a)(1)(C) and 28 U.S.C. § 2461(c), and, as such, are subject to forfeiture thereunder. The defendant hereby waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2, and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment, and consents to the entry of this order. The defendant further stipulates that the requirements of 21 U.S.C. § 853(p) have been satisfied. The defendant agrees not to file or interpose any claim to the property listed herein, in whole or in part, in any proceedings or manner whatsoever.

JESSICA D. ABER
UNITED STATES ATTORNEY

Kenneth R. Simon, Jr.
Peter S. Duffey
Assistant United States Attorneys

SEEN AND AGREED TO:

Okello T. Chatrie
Defendant

Laura Koenig
Counsel for Defendant